UNITED STATES, Appellee

v

GERALD R. DeMARIS, Private, U. S. Marine Corps, Appellant

8 USCMA 750, 25 CMR 254

No. 10,469

Decided February 28, 1958

*Major R. D. Humphreys,* USMC, argued the cause for Appellant, Accused. With him on the brief were *Commander H. H. Brandenburg,* USN, and *Lieutenant Colonel Mary L. Condon,* USMCR.

*Commander Louis L. Milano,* USN, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Charles H. Beale, Jr.,* USMC.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused was arraigned upon a single charge and specification alleging desertion from his unit from December 29, 1955, until he was apprehended on January 10, 1957. He pleaded not guilty to the offense alleged but guilty to the lesser included offense of absence without leave. After completion of the Government's case, he became a witness in his own behalf and testified in an effort to explain his reasons for remaining absent for such a lengthy period. He was convicted of desertion, and a sentence for that offense was levied by the court. Intermediate agencies af-firmed the findings and sentence, and we granted review to consider whether the accused had been prejudiced by the use of a Manual provision which was subsequently declared by this Court to be erroneous.

In his opening argument, trial counsel made the following comment:

". . . Of course, we are all familiar with the fact that from a prolonged absence—a much prolonged absence, without excuse, the court may infer the intent. This is one fact that could allow the court to come to a conclusion beyond a rea-

**751**

sonable doubt that the accused had the intent to permanently absent himself from his organization."

In answering this argument, defense counsel stated: "It is true, as the trial counsel has outlined, that proof of a prolonged absence may give rise to an inference. The court may infer from that fact alone an intent to remain absent permanently." When the law officer charged on the offense, he did not include an instruction embodying that provision, but neither did he advise the court that an inference of intent to remain away permanently could not be drawn from a much prolonged absence alone. Considered in their entirety, the instructions are neutral on that principle.

In United States v Cothern, 8 USCMA 158, 23 CMR 382, a majority of the Court held that an instruction stating the principle argued by counsel in this case was erroneous. However, that ruling was subsequent to the trial of this case, and we are certain that all members of the court, the law officer, and the attorneys operated under the provision found in the Manual. However, to support the conviction, counsel for the Government rely on the rule that the court takes its law from the law officer and that in this instance he did not misinstruct the court. We are willing to accept that hypothesis but, for the reasons hereinafter set out, we do not believe it can be applied appropriately in this case.

The court-martial members had been furnished with copies of the Manual, and certainly it is fair to assume that they referred to its discussion on desertion. Both counsel assumed its validity, and by silence the law officer acquiesced therein. His instructions do not touch on the principle, for he only tells the court it must find an intent to remain away permanently, which obviously fails to cover the factual area which will support a deduction to that effect. Such being the case, the court-martial could follow his instructions literally and at the same time follow the principle which was agreed upon by counsel. It thus follows that, although the arguments were not contrary to the instructions, they implemented the charge, and therefore the offense was submitted to the court members under insufficient instructions. In the light of those circumstances, we conclude the accused was prejudiced.

The arguments on waiver give us little concern. Unless the defense induced the error, we do not accept the proposition that when all parties at trial act under the Manual provision which was held to be erroneous by a subsequent decision of this Court, that an accused alone must bear the burden of the change. In fairness to all, the error committed at this trial should be corrected by a rehearing or an affirmance of the lesser included offense to which the accused pleaded guilty. It is so ordered.

Chief Judge QUINN and Judge FERGUSON concur.