UNITED STATES, Appellee

v

JACK LEWIS HENTHORNE, Seaman, U. S. Navy, Appellant

8 USCMA 752, 25 CMR 256

No. 10,542

Decided February 28, 1958

*Ensign David M. Clinard,* USNR, argued the cause for Appellant, Accused.

*Commander Louis L. Milano,* USN, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Charles H. Beale, Jr.,* USMC.

## Opinion of the Court

GERORGE W. LATIMER, Judge:

This is a companion case to United States v DeMaris, 8 USCMA 750, 25 CMR 254, this day decided, and the principles we announce therein are dispositive of one of the issues herein raised. However, there is one circumstance which the Government contends differentiates the two cases and which according to its contention should bring about an affirmance of this conviction. The question raised is of enough importance to bear discussion.

The accused was charged with desertion covering an absence of approximately six months. He pleaded guilty to absence without leave but a finding of desertion was returned. He was sentenced for the greater offense and with the exception of reducing forfeitures, intermediate appellate authorities have affirmed. We granted review to consider whether he was prejudiced by counsel arguing the same principle found in the Manual which we set out in United States v DeMaris, supra. The only point of departure between the two cases is that in this instance the rule was first mentioned by the trial defense counsel. His argument took the following approach:

". . . There is no quarrel with the fact that this individual was absent from his ship for a prolonged period of time. The reason I mention 'prolonged period of time' is that in a few moments the trial counsel will be reading to you from page 312 from the Manual, wherein it says: 'if the condition of absence without proper authority is much prolonged and there is no satisfactory explanation of it, the court will be justified in inferring from that alone an intent to remain absent permanently.' That is correct, and we have no quarrel with the statement of the law as it is."

As might be expected, trial counsel answered in the following language:

"May it please the court, the sentence that the defense counsel read out of the Manual about if there is a prolonged absence and there is no satisfactory explanation of it, the court will be justified in inferring from that absence alone the requisite intent, is the only issue before this court at this time."

It should be apparent, as it was in *DeMaris,* that the whole thrust of this

**753**

case was centered on a principle which has been held by a majority ▇▇▇▇▇▇ of this Court to be erroneous. The trial climate was thus controlled by the one principle and accused's conviction is based on a shaken foundation. For us to affirm this conviction would deny the accused his day in court.

Government counsel argue with some merit that the error was induced by the defense and under the ▇▇▇▇▇▇ rule of United States v Jones, 7 USCMA 623, 23 CMR 87, the accused should not be permitted to complain on appeal. There is similarity between the two cases but there is one difference which we believe to be important. In that instance, the accused complained on appeal about the giving of an instruction which he prepared and requested the law officer to read to the court. The subject covered concerned the manner in which a court-martial should consider a confession if they found it to be involuntary. There defense counsel was not confronted with a situation which required him to act or suffer the consequence of the court basing its finding of guilt solely on an erroneous principle. Here the situation is different. True it is that defense counsel first mentioned the rule, but he was almost compelled to do so for the nature of his defense required him to argue, and he could rightfully assume that all members of the court were familiar with the principle and that trial counsel would use it to support his closing argument. Trial counsel waived his argument and the defense had to become the moving party. If defense counsel failed to argue the point, he would lose his case by default. He was placed in a position where there was a fair risk that the rule which was before the court in the Manual would be used if he remained silent. It is hardly inducing error for a defense counsel to anticipate the obvious and seek to avoid the effect of a rule which for all practical purposes will be used to convict his client. Thus, defending counsel either had to adopt that course or merely argue the facts and sit by and listen to trial counsel roam at large in that critical field. To charge defense counsel with inducing error under those circumstances is to overlook the realities confronting him. We thus feel that the instant case is not on all fours with United States v Jones, supra. However, if we err in this regard, then that holding is narrowed by this intrusion.

The second issue upon which we granted review concerns a possible post-trial error by the staff legal officer. Because of our disposition of the first issue, this question is rendered moot. The decision of the board of review is reversed. The record is returned to The Judge Advocate General of the Navy for reference to a board of review. The board may affirm a finding of absence without leave and assess an appropriate sentence or grant a rehearing.

Chief Judge QUINN and Judge FERGUSON concur.