UNITED STATES, Appellee

v

CLARENCE E. GRAVLEY, JR., Private E–1, U. S. Army, Appellant

9 USCMA 120, 25 CMR 382

No. 10,914

Decided April 4, 1958

*Miss Madeline DeFina, Major Frank C. Stetson,* and *First Lieutenant Neil Flanagin* were on the brief for Appellant, Accused.

*Lieutenant Colonel John G. Lee* and *First Lieutenant John E. Riecker* were on the brief for Appellee, United States.

### Opinion of the Court

PER CURIAM:

The accused, in spite of his plea of not guilty, was convicted by general court-martial of desertion from December 7, 1954, until apprehended on May 1, 1957. After the prosecution had presented its case and the defense had rested without offering any evidence, the trial counsel, in addressing the court in closing argument, made the following comment:

". . . I would like to say only that the accused is charged with desertion, and that the intent to stay away permanently may be inferred from his long absence. That in itself is sufficient to warrant the court in returning a verdict of guilty as charged."

The law officer in instructing the court did not refer to this principle which was held erroneous in United States v Cothern, 8 USCMA 158, 23 CMR 382. The court-martial, however, was given the Manual for Courts-Martial, United States, 1951, for its perusal in closed session over the specific objection by defense counsel.

A similar situation was held prejudicial by a unanimous Court in the case of United States v DeMaris, 8 USCMA 750, 25 CMR 254; accord, United States v Henthorne, 8 USCMA 752, 25 CMR 256. For the reasons stated in those opinions, the accused's conviction of desertion must be set aside. The record of trial is returned to The Judge Advocate General of the Army for reference to a board of review. The board, in its discretion, may approve the lesser offense of absence without leave and reassess the sentence, or it may order a rehearing on the principal offense.