*Commander H. H. Brandenburg,* USN, and *Commander Charles Timblin,* USN, were on the brief for Appellant, Accused.

*Commander Craig McKee,* USN, and *Commander Louis L. Milano,* USN, were on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

UNITED STATES, Appellee

v

GEORGE T. LASHER, Fireman Apprentice,
U. S. Navy, Appellant

9 USCMA 207, 25 CMR 469

No. 10,720

Decided April 18, 1958

*Lieutenant (jg) W. W. McNeilly, Jr.,* USNR, was on the brief for Appellant, Accused.

*Lieutenant Colonel Charles H. Beale, Jr.,* USMC, and *Commander Craig McKee,* USN, were on the brief for Appellee, United States.

PER CURIAM:

The accused was charged with and convicted of absence without leave and desertion. The convening authority disapproved the absence without leave conviction and reduced the accused's sentence accordingly. The board of review affirmed. Thereafter, appellate defense counsel moved for reconsideration before the board on the basis of this Court's decision in United States v Cothern, 8 USCMA 158, 23 CMR 382, which had been issued subsequent to that forum's decision. That motion was denied, and the accused petitioned this Court. We granted review.

The accused remained in an absentee status for 364 days, and the circumstances in this case are substantially like those in United States v Gravley, 9 USCMA 120, 25 CMR 382, and United States v Henthorne, 8 USCMA 752, 25 CMR 256, in which we reversed the respective convictions because it appeared from the records of trial that the findings of guilty might have been based upon the erroneous principle that absence alone establishes an intent to remain away permanently.

At the outset of his argument to the court, trial counsel referred the members to page 313 of the Manual for Courts-Martial, United States, 1951, which provides:

"If the condition of absence without proper authority is much prolonged and there is no satisfactory explanation of it, the court will be justified in inferring from that alone an intent to remain absent permanently."

It is a fair inference from the page citation and trial counsel's opening remarks that the court-martial members would be influenced by that authority. Furthermore, in his closing arguments, he told the court members that "we can infer that intent [to desert] from the very fact that he went for a year." Defense counsel also commented on the effect of a long absence; he said: "The only element of desertion, or the only indication of desertion is the extended unauthorized absence of the accused." The law officer did not correct the erroneous hypothesis for he advised the court that from "facts and circumstances from which, *alone* or in connection with other facts" common experience suggests the existence of an intent, the court-martial could infer the requisite intent. This brings the case within the rule of the above-cited authorities.

For the foregoing reason, the decision of the board of review is reversed. A rehearing may be ordered or a board of review may affirm a finding of absence without leave and reassess an appropriate sentence.