UNITED STATES, Appellee

v

GEORGE COX, Sergeant, U. S. Marine Corps, Appellant

9 USCMA 275, 26 CMR 55

No. 11,190

Decided May 23, 1958

*Fred W. Shields, Esquire,* and *Lieutenant (jg) Joseph A. Califano, Jr.,* USNR, were on the brief for Appellant, Accused.

*Lieutenant Colonel Charles H. Beale, Jr.*, USMC, was on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

The accused, charged with two violations of Article 85, Uniform Code of Military Justice, 10 USC § 885, was found guilty of one act of desertion and one of absence without leave. He was sentenced to dishonorable discharge, total forfeitures, confinement at hard labor and reduction to private. Intermediate appellate authorities affirmed the findings and a reduced sentence. The accused petitioned for review on the basis of trial counsel's argument to the court-martial that, "You may infer from the length of the absence alone in this case that the accused intended to remain away permanently." It is not unreasonable to conclude that the court was influenced by this remark especially when we consider that defense counsel assumed it to be good law, as his following language indicates.

"... I would like to discuss only the one element of intent. As the prosecution has said, in order for you to find the accused guilty of desertion as charged, you must find that he intended to remain away permanently and you must be convinced beyond a reasonable doubt that he intended to remain away permanently. Prosecution has discussed circumstances from which you may infer this intent, the duration of the absence and in one case, the method of termination. Now, you have—you have only that—only those circumstances from which you can infer an intent."

The law officer did not correct this erroneous hypothesis.

These facts bring this case within the rule of United States v Lasher, 9 USCMA 207, 25 CMR 469, and United States v Gravley, 9 USCMA 120, 25 CMR 382, in which we reversed convictions because it appeared from the records of trial that the findings of guilty might have been based upon the erroneous principle, as propounded by counsel in argument.

Accordingly, the decision of the board of review is reversed as to the desertion conviction. A rehearing may be ordered or a board of review may affirm a finding of absence without leave and reassess an appropriate sentence.