UNITED STATES, Appellee

v

SELDEN G. HOOPER, Rear Admiral (Retired), U. S. Navy, Appellant

11 USCMA 128, 28 CMR 352

*Lieutenant Colonel Remmel H. Dudley,* USMC, argued the cause for Appellant, Accused.

*Commander Louis L. Milano,* USN, argued the cause for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

This case is before us for the second time. On the first appeal, we upheld the accused's amenability to trial by court-martial as a retired officer of the United States Navy; and found no merit in any of his assignments of error, except one. The exception pertained to the sufficiency of the post-trial review by the staff legal officer to the Commandant, 11th Naval District. The Government conceded error and our examination of the review supported the concession. Accordingly, we set aside the decision of the board of review and returned the record of trial to The Judge Advocate General of the Navy for further proceedings by another convening authority.

In due course, the record of trial was submitted to and reviewed by the staff legal officer of the Commandant, Potomac River Naval Command. On the recommendation of the legal officer, the Commandant approved the findings of guilty and the sentence and forwarded the record for further review by a board of review. The board of review unanimously held that the new post-trial review "corrected the errors . . . noted in the initial review." It also considered and overruled a number of assignments of error presented for the first time on the second appeal in appellate defense counsel's "excellent brief." The case is here again on mandatory review in accordance with the provisions of Article 67 (b) (1), Uniform Code of Military Justice, 10 USC § 867; and, again, the question is the adequacy of the post-trial review. It is contended the new review

is prejudicial to the accused in that the staff legal officer did not discuss impartially all the evidence presented on behalf of the accused and did not present reasons for his recommendations.

On remand, the staff legal officer did not write upon a clean slate. Necessarily his review was delimited by the appellate proceedings in the board of review and this Court. We determined there was no merit to the several allegations of error except for two deficiencies in the post-trial review. It was entirely proper for the staff legal officer, therefore, to address himself to those matters. And it is perhaps not without significance that the correctness of his action was not challenged by the defense before the board of review, although it was the only reason for continuation of the proceedings. Be that as it may, there is an area of discretion allowed the staff legal officer in the choice of matters which he includes or excludes from the post-trial review. United States v Sulewski, 9 USCMA 490, 26 CMR 270. Obviously, it would be absurd to set out in the review every bit of the testimony and evidence adduced at the trial. Selectivity is essential, but the selection must not be one-sided or so deficient as to present a fair risk of prejudice to the accused. The initial review omitted "all mention" of the evidence presented by the defense. The review here details the substance of the defense case. It is contended, however, that it is fatally deficient because it leaves out certain cross-examination matter from the summary

**129**

of the testimony of McDaniels, a prosecution witness, and because it does not refer to the testimony of Dingman, a defense witness, both of which tend to impeach the credibility of McDaniels. The material part of McDaniels' testimony relates to two matters. First, he testified he and several other named persons, who figured in the charges against the accused, were homosexuals. Earlier, other witnesses had testified to the same effect. McDaniels also testified about a "gathering" on March 4, 1957, at his apartment, at which the accused and some persons described as homosexuals were present. Two other prosecution witnesses testified about the same party and persons. To a substantial degree, therefore, McDaniels' testimony is cumulative; as a result, the matters tending to impeach him are not important to the over-all recital of the pertinent evidence. It follows that the omissions now complained of do not present a fair risk of prejudice to the accused.

A second alleged deficiency in the review is that the staff legal officer did not "rationalize and discuss his conclusions." Again, the issue arises in an area in which the staff legal officer has large discretion. In the United States v Bennie, 10 USCMA 159, 27 CMR 233, we pointed out that whether a detailed statement of reasons is required to support the staff legal officer's recommendations depends upon the circumstances of the case. Here the prosecution's case, as set out in the review, was predicated upon the testimony of actual participants in, and eyewitnesses to, the offenses charged. The accused's defense consisted of testimony as to his general reputation as a moral and law-abiding person, and testimony by a psychiatrist. The latter testified that, in his opinion, it was possible to determine by examination whether a person "is a sexual deviate"; that he examined the accused a few months before trial and found no indications that he was "a deviate in the psycho-sexual sphere"; that in his opinion the accused was not a homosexual. The differences between the prosecution and defense cases did not involve complicated issues,

or the balance of permissible inferences.

The choices available to the convening authority were virtually spelled out by a statement of the evidence; if he believed the participating and eyewitnesses, the accused was unquestionably guilty. If he credited the defense testimony, there might be a reasonable doubt of the accused's guilt. The staff legal officer informed the convening authority he had to be satisfied that the accused was guilty beyond a reasonable doubt. We cannot say that, on this record, the review is fatally deficient in delineating the basis for the staff legal officer's conclusions and recommendations.

The decision of the board of review is affirmed.

Judge LATIMER concurs.

FERGUSON, Judge (dissenting):

I dissent.

As I believe my brothers do no more than affirm this case on an *ad hoc* basis, I am unable to join in their conclusion, unsupported by the record of trial and our previous opinion in United States v Hooper, 9 USCMA 637, 26 CMR 417.

The accused, a retired naval officer, was tried by general court-martial and convicted of sodomy, in violation of Uniform Code of Military Justice, Article 125, 10 USC § 925; public association with known sexual deviates, in violation of Code, supra, Article 133, 10 USC § 933; and the commission of an indecent, lewd, and lascivious act, in violation of Code, supra, Article 134, 10 USC § 934. He was sentenced to dismissal from the service and total forfeitures. Intermediate appellate authorities affirmed, and the case came before us on mandatory review.

Upon consideration of the numerous errors assigned by appellate defense counsel, this Court, in a lengthy opinion, found that only two assignments had merit. Both involved the sufficiency of the post-trial review. Accordingly, we unanimously reversed the decision of the board of review and ordered the preparation of a new post-trial advice in the command of a dif-

ferent convening authority. United States v Hooper, supra. In compliance with our mandate, a new review was prepared and the case again considered by the board of review. That body affirmed and the case is once more before us. The single assignment of error alleges that the new post-trial advice is also inadequate in view of our decision in United States v Bennie, 10 USCMA 159, 27 CMR 233, and the fact that the staff legal officer again failed fairly to summarize the evidence in the case.

The evidence in the record need not be set forth in detail. Suffice it to say that it establishes the allegations contained in the charges and specifications. In order to place the review in proper perspective, it is only necessary to note that one McDaniels testified at the trial concerning accused's association with homosexuals. He stated that he and the accused committed acts of sodomy upon each other. Upon both direct and cross-examination, he admitted he had committed perjury at the pretrial investigation. He alleged that his false testimony resulted from a conference with Admiral Hooper following the completion of a Naval Intelligence investigation into the latter's conduct. He denied that a Mr. Dingman was present at the conference. Mr. Dingman testified on behalf of the defense. He recounted the details of the meeting between the accused and McDaniels. In essence, he stated that McDaniels had admitted that he had committed no acts of sodomy with the Admiral but that he may have stated the contrary to Naval Intelligence agents. Admiral Hooper admonished McDaniels to tell the truth and neither made promises to him nor threatened him.

The post-trial review with which we are now confronted summarizes McDaniels' testimony as follows:

"Evidence was adduced by the prosecution through a witness, one M. A. McDaniels, HA, U. S. Navy, that he had attended parties at the accused's home where homosexuals were in attandance [sic]. McDaniels said that he was a homosexual of long standing. McDaniels said one party involved mahjong playing, strip poker, where losers appeared in the nude and where sodomy was practiced generally. McDaniels said he committed sodomy with the accused. This evidence was adduced to prove the allegation of Charge II."

It will be noted that no reference is made to the witness' admission that he had previously committed perjury in the case or concerning his inconsistent statements in the presence of Mr. Dingman, whose testimony is not mentioned in the review.

After discussing other defense evidence concerning the accused's good character, and the opinion of a psychiatrist that he was not a deviate, the review concludes with the following paragraphs which constitute the entire discussion of the facts and law contained in the document:

"5. Presentencing procedure indicated that the accused had outstanding fitness reports in his naval career. There was no record whatever of previous convictions. The court was legally appointed and properly constituted and had jurisdiction over the person and the offenses tried. There were no errors, in my opinion, appearing in the record which affected the substantial rights of the accused.

"6. It is my opinion that the evidence establishes the guilt of the accused of the specifications and charges of which he was convicted beyond a reasonable doubt and the findings of guilty are correct in law and fact. In order to approve the court-martial's findings of guilty as to these specifications and Charges I, II, and III, you must be satisfied yourself of the accused's guilt beyond a reasonable doubt. It is recommended that the sentence which provides for dismissal and a forfeiture of all pay and allowances be approved. The recommended sentence is legal and appropriate."

In United States v Hooper, supra, we stated of the initial review in this case:

"The accused next asserts that the

**131**

post-trial review of the staff legal officer is fatally deficient in two particulars. First, he omitted all mention of the evidence produced by the defense, and, second, he expressed no opinion as to the adequacy and weight of the evidence as a whole. The Government concedes the review is defective and a new review is required. Our examination of the review indicates this concession is proper. United States v Fields, 9 USCMA 70, 25 CMR 332; United States v Grice, 8 USCMA 166, 23 CMR 390; United States v Johnson, 8 USCMA 173, 23 CMR 397."

While the new review summarizes important parts of the defense evidence, it omits equally cogent material concerning McDaniels' credibility. My brothers seek to overcome this deficiency by pointing out that his testimony for the prosecution was merely cumulative. It is apparent the staff legal officer did not consider it to be of that limited value, for he specifically stated that it "was adduced to prove the allegation of Charge II." Moreover, my scrutiny of the record leads me to the independent conclusion that McDaniels was the prosecution's major witness with respect to this Charge and its specification. It was he who set forth the revolting details of an all-male orgy in the accused's home. Indeed, he was the only witness who was present at the "party." Thus, I deem it important for the convening authority to have been informed of the fact that he was an admitted perjurer and had made statements in the presence of a third person which indicated he had not participated in an act of sodomy with the accused. Viewed in light of the defense evidence relating to accused's character, and the expert's opinion, it may have led the convening authority to disapprove the findings of guilty relating to Charge II and its specification. As it was the "substance of the defense case" concerning that offense, the review should be held fatally defective on this basis alone. The need for reversal is not, however, restricted to that ground, for another important defect exists in the post-trial advice.

In United States v Bennie, supra, a majority of this Court was concerned with the inadequacy of a staff judge advocate's review in which the discussion of the case was limited to the following:

" '4. DISCUSSION. *a. The findings.* It is the opinion of the Staff Judge Advocate that the findings of guilty of the charges and specifications were established beyond a reasonable doubt by the adequacy and weight of the competent evidence of record.

. . . . .

" '5. OPINION.

. . . . .

" '*c. Sufficiency of the evidence.* The competent evidence of record establishes the accused's guilt beyond a reasonable doubt and the findings of guilty are correct in law and fact.

" '7. RECOMMENDATION. *a.* For the reasons stated it is recommended that the sentence be approved but that the bad conduct discharge be suspended until the accused is released from confinement, or until completion of appellate review, whichever is the later date.' "

In finding that the review did not comply with the requirements of the Code and supplemental provisions in the Manual for Courts-Martial, United States, 1951, we stated, at page 160:

". . . [T]he staff judge advocate is required to provide the convening authority with a 'written opinion.' Article 61, Uniform Code of Military Justice, 10 USC § 861. In part, paragraph 85*b* of the Manual directs the staff judge advocate to give 'reasons for both' his opinion and recommendations.

"It is apparent that the Code and the supplemental Manual provisions are intended to prevent uninformed or capricious action on the case. United States v Fields, 9 USCMA 70, 25 CMR 332. Sometimes the evidence establishes guilt so clearly and compellingly that a recital of the evidence points unerringly to a con-

clusion of guilt. *However, in a case involving disputed questions of fact, a mere summarization of the testimony does not necessarily point to the correct conclusion. Rationalization is required. And if the reasons offered for the conclusions are not persuasive, the conclusion may be unsound."* [Emphasis supplied.]

We reaffirmed the validity of our decision in United States v Bennie, supra, as recently as four months ago. United States v Howland, 10 USCMA 659, 28 CMR 225. A comparison of the discussion section of the review involved herein with that with which we were concerned in the *Bennie* case will convince even the casual reader that both suffer from the same omission. What then is the distinguishing factor between the two cases? It cannot be that the "recital of the evidence points unerringly to a conclusion of guilt." United States v Bennie, supra. If that were the case, we would not have initially returned the record for a new review. United States v Hooper, supra; United States v Fields, 9 USCMA 70, 25 CMR 332. Moreover, it is clear there are some deficiencies in the prosecution's case. Government witnesses directly involved in the incidents charged admitted they had previously committed perjury in the pretrial investigation, although they claimed their testimony at the trial was true. Unrebutted expert testimony indicated the accused has been psychiatrically examined and determined not to be a sexual deviate. It was established by other testimony that he was thought to be a person with high moral character. With respect to the latter evidence, this Court has remarked that it is "often the best, if not the only, defense which the accused can produce" in a sodomy case. United States v Phillips, 3 USCMA 137, 11 CMR 137, at page 142. Thus, as the majority opinion itself implies, there was a factual dispute for the convening authority to resolve.

Finally, the argument in the principal opinion that the dispute is so clearly set out in the review that rationalization was not required of the staff legal officer simply flies in the face of the record. Initially, the review's summary of the evidence avoids all mention of the fact that McDaniels or any of the other prosecution witnesses had admitted their perjury in the pretrial investigation. Nothing is said to the convening authority concerning the effect of character evidence *vis a vis* the other testimony in the case. United States v Phillips, supra; United States v Browning, 1 USCMA 599, 5 CMR 27. It is clear that, in military practice, he relies upon the review rather than upon the record in judging the sufficiency of the evidence. Where, as here, that document does not afford him any guidance concerning the conclusions reached by the staff legal officer, I believe that my brothers simply close their eyes when they state that a basis existed in this advice for an informed decision by the convening authority.

In sum, then, I believe the staff legal officer erred to the accused's prejudice when he omitted any reference to McDaniels' admission of perjury and to Dingman's testimony. His failure to set forth the reasons for his conclusion that the findings and sentence should be approved is equally prejudicial. When my brothers reach an opposite conclusion, I believe they ignore both the record and our opinions in United States v Hooper, supra, and United States v Bennie, supra. Lest the services read into the majority opinion additional restrictions upon our scrutiny of staff judge advocate reviews, I hasten to add that I am also of the view that the affirmance of this case is occasioned by no more than a belief that Admiral Hooper is guilty and that, in any event, there is little chance, after two attempts, of getting Naval legal personnel properly to review the case. In short, another record is given *ad hoc* treatment. Common respect for our status as a judicial body and for the proficiency of the Navy's law specialists prevents me from joining in such a result.

I would reverse the decision of the board of review and return the record of trial to The Judge Advocate General of the Navy in order that a new posttrial review might be prepared.