UNITED STATES, Appellee

v

HENRY M. BLACKWELL, Chief Supply Clerk,
U. S. Navy, Appellant

12 USCMA 20, 30 CMR 20

No. 14,108

Decided November 18, 1960

Matthew J. Faerber, Esquire, argued the cause for Appellant, Accused. With him on the brief was Lieutenant Colonel E. W. Johnson, USMC.

Commander Benjamin H. Berry, USN, argued the cause for Appellee, United States.

## Opinion of the Court

HOMER FERGUSON, Judge:

The accused was found guilty of five specifications of sodomy, in violation of Uniform Code of Military Justice, Article 125, 10 USC § 925, and sentenced to be dismissed from the service. The findings and sentence were approved by the convening authority. On further examination of the record, the board of review set aside the findings of guilty with respect to two of the specifications and ordered them dismissed. However, it approved the verdict with respect to the other three specifications and the Charge and affirmed the sentence. We granted the accused's petition for review on the issue whether the staff legal officer's review was adequate under our decisions in United States v Fields, 9 USCMA 70, 25 CMR 332, and United States v Bennie, 10 USCMA 159, 27 CMR 233.

Accused's guilt of the three specifications and the Charge of which he now stands convicted depends solely upon the testimony of one Farrell, the pathic involved in the alleged acts, who was known aboard his ship as "Slippery Jack." Farrell's testimony was impeached on cross-examination by proof of prior inconsistent statements to agents of the Office of Naval Intelligence as well as by admissions that he had had homosexual relations with another sailor on three occasions. There was also evidence which, if believed, might tend to show that the witness' reversal of his denial of any misconduct with Blackwell resulted from a fear of an investigation being carried out in his home town and a belief that, although scheduled for discharge, he might be held in the Navy "indefinitely" unless he told the truth. However, the witness repeatedly stated that his testimony was true and that he was persuaded by a Brig Counsellor to reverse his initial denial of participation with Blackwell in abnormal behavior.

While the accused did not testify in his own behalf, thirteen witnesses declared that his character was excellent. Ten of these also added either that they knew of no homosexual tendencies on his part or that his moral reputation was above reproach. The testimony of an additional witness to the same effect was stipulated, and the accused's fitness reports were presented to the court. These also reflect his good character.

In his review, the staff legal officer summarized the testimony of the witnesses. With respect to its sufficiency to support the findings, he contented himself with the following remark:

**21**

*"FINDINGS:*

Of all the Specifications and the Charge: Guilty.

The findings are correct in law and fact, and competent evidence of record establishes the guilt of the accused beyond a reasonable doubt of each offense of which he was convicted."

This review is almost identical to that which we found insufficient in United States v Bennie, supra. There also, the staff judge advocate contented himself with a statement of the evidence and his bare conclusion concerning its sufficiency. In directing the return of the record to the convening authority level for the preparation and submission of a new review, we remarked, at page 160:

"It is apparent that the Code and the supplemental Manual provisions are intended to prevent uninformed or capricious action on the case. United States v Fields, 9 USCMA 70, 25 CMR 332. Sometimes the evidence establishes guilt so clearly and compellingly that a recital of the evidence points unerringly to a conclusion of guilt. However, in a case involving disputed questions of fact, a mere summarization of the testimony *does not necessarily point to* the correct conclusion. *Rationalization is required. And if the reasons offered for the conclusion are not persuasive, the conclusion may be unsound."* [Emphasis supplied.]

The Government argues, however, that *Bennie,* supra, is not controlling, for, in that case, the accused appeared as a witness in his own behalf and raised a substantial issue of fact concerning his guilt. It then contends that our decision in United States v Hooper, 11 USCMA 128, 28 CMR 352, is applicable here. Our decision in United States v Hooper, supra, may be safely distinguished. As was pointed out therein, we initially reversed Admiral Hooper's conviction and remanded the record to the convening authority for the preparation of a new review. Thereafter, as the Court noted, "the staff legal officer did not write upon a clean slate," but took his action in light of "the appellate proceedings in the board of review and this Court." United States v Hooper, supra, at page 129. Moreover, a majority of the Court determined that the statement of the evidence in that case virtually spelled out the choices available to the convening authority.

In the instant case, the staff legal officer's conclusion was based solely upon the testimony of an apparently willing participant in the alleged offenses. The review stated nothing to the convening authority of the possible effect of the witness' impeachment upon cross-examination, nor did it seek to rationalize the probability of Farrell's truthfulness in light of the attack upon his credibility. Moreover, it gave no attention to the legal effect of the numerous character witnesses who appeared on the accused's behalf, although this Court has pointed out that such proof is "often the best, if not the only, defense which the accused can produce" in a sodomy case. United States v Phillips, 3 USCMA 137, 11 CMR 137, at page 142. In short, the Government errs when it argues that the evidence of guilt in this record is of such quantum and quality that the legal officer's review unerringly led the convening authority to the correct result. To the contrary, we suggest that a substantial question existed concerning whether accused was factually guilty and that the convening authority should have been afforded an adequate rationalization concerning the review's ultimate conclusion, including advice as to applicable legal principles, in order that he might reach an informed decision on the record. United States v Bennie, supra. We need hardly add that it is not whether accused testifies that is the controlling consideration, but merely whether the evidence creates a factual issue concerning his guilt or innocence.

The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Navy, who will cause it to be referred to a competent convening authority for further proceedings under Articles 61 and 64, Uniform Code

of Military Justice, 10 USC §§ 861, 864.

Chief Judge QUINN and Judge LATIMER concur.