UNITED STATES, Appellee

v

JOSE A. SIERRA-ALBINO, Private, U. S. Army, Appellant

No. 27,671

April 26, 1974

*Captain Robert D. Jones* argued the cause for Appellant, Accused. With him on the brief were *Colonel Arnold I. Melnick, Captain Denis E. Hynes,* and *Captain J. Houston Gordon.*

*Captain Richard A. Gallivan* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen,* and *Captain Richard A. Karre.*

## OPINION OF THE COURT

FERGUSON, Senior Judge:

Tried by special court-martial convened by the Commanding General, Fort Leonard Wood, Missouri, the accused was convicted of selling marihuana in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934, and sentenced to a bad-conduct discharge, confinement at hard labor for 2 months, partial forfeitures for 6 months, and reduction. The convening authority approved and the U. S. Army Court of Military Review affirmed the findings and sentence. We granted the accused's petition for review on the question whether the convening authority and his staff judge advocate were disqualified from reviewing the case.

During the trial, one of the principal witnesses against the accused was Specialist Four Wilfred R. Torres. He declared that the accused was his accomplice in the marihuana sale and that in return for his testimony the Government had offered him "no confinement, six months' probation." Nothing further was said about the matter at the trial, nor was it mentioned by the staff judge advocate in his post-trial review. However, in a rebuttal statement to the review entitled "PETITION FOR CLEMENCY," the accused pointed out that the Commanding Officer, Second Brigade, had convened a special court-martial to try Torres before finding out that he was a "dealer." On discovering this, the brigade had attempted to withdraw the charges against Torres and refer the case to a "higher court." They were dissuaded from doing so by the "Fort Wood Legal Office" because of a supposed speedy trial problem. The prosecution in the accused's case then determined "to deal away what was left of Torres' remaining punishment" in order to get him to testify against the accused. As he was only an accomplice, accused pleaded that his punishment be reduced "in the interests of equal justice" to no more than that of Torres.

The Government has filed in this Court as an appellate exhibit a copy of the agreement between Torres and his convening authority, the Commanding Officer, 2d Brigade, Fort Leonard Wood, Missouri. It is addressed to the "Trial Counsel, Fort Leonard Wood" and notes the convening authority's agreement to defer and suspend any confinement adjudged in Torres' case in return for his plea of guilty and agreement to testify against the accused. It is not contested that the Commanding Officer, 2d Brigade, is a commander directly subordinate to the Commanding General, Fort Leonard Wood, who convened and acted on the accused's court-martial.

Thus, we are confronted with the question whether a staff judge advocate is qualified to review, and the convening authority to act upon, a court-martial in which an essential witness has received substantial clemency at the hands of a subordinate commander in return for his testimony against the accused. The answer is found in our decision in United States v Dickerson, 22 USCMA 489, 47 CMR 790 (1973).

In that case, a subordinate commander agreed to refer charges against one Walford to a special court-martial and to suspend any confinement adjudged in return for Walford's testimony against the accused. A copy of the agreement was included in a pretrial investigation report that was forwarded to the convening authority who convened the accused's court and who was also the superior of Walford's commander-convening authority. Walford testified as the principal witness against the accused, who was duly convicted and sentenced. We held the staff judge advocate and convening authority disqualified to review and act upon the accused's case, declaring:

> As in United States v Maxfield, 20 USCMA 496, 498, 43 CMR 336, 338 (1971), we believe "it is asking too much" to expect that General Hennessey would be "wholly free of the influence . . . [of his subordinate commander's] action[s]" in reviewing Walford's credibility. In our judgment, therefore, the staff judge advocate erred in advising General Hennessey that he was not disqualified to review the case, and the general's review was improper.

*Id.* at 491, 47 CMR at 792.

The Government seeks to distinguish our decision in *Dickerson* from the pres-

ent case by noting that the essence of that decision was the convening authority's knowledge of his subordinate commander's action prior to the trial, whereas in this record, he became aware of the action only after the trial and then only through the accused's "PETITION FOR CLEMENCY." We see little validity to the attempted distinctions.

■ It is well-settled that the convening authority may not involve himself in granting immunity or clemency to a Government witness and thereafter review or act upon the case. United States v Williams, 21 USCMA 292, 45 CMR 66 (1972); United States v Maxfield, 20 USCMA 496, 43 CMR 336 (1971); United States v White, 10 USCMA 63, 27 CMR 137 (1958). The reason for the disqualification is that such action by a convening authority renders his impartiality suspect with reference to weighing the testimony of the witness to whom he granted immunity or clemency. United States v White, supra. In *Dickerson,* we extended this principle to cases in which the convening authority knew that his subordinate commander had taken such action, believing that the relationship between the two commanders was such as likewise to preclude the sort of impartial review that the Code requires.

■ Thus, the time when the convening authority learns that his subordinate has officially placed his imprimatur on the witness' credibility is not a crucial factor. Whenever a convening authority learns a subordinate has vouched for the credibility of a witness by extending immunity, it is still asking too much of the convening authority to free himself wholly of the influence of his subordinate's judgment in his own review and action upon the case.

■ Nor, under the circumstances of this case, are we disturbed by the fact the convening authority's knowledge of the matter came in the form of the accused's petition filed in rebuttal to the staff judge advocate's review. Despite the importance that we have attached to pretrial promises as affecting credibility, see United States v Maxfield, supra, even to the extent of disqualifying convening authorities and their staff judge advocates, the review inexplicably made

no mention of the bargain with Torres. The accused was therefore clearly warranted in bringing the matter to the convening authority's attention. Indeed, absence of the matter from the review might otherwise have made it inadequate in itself. *Cf.* United States v Blackwell, 12 USCMA 20, 30 CMR 20 (1960). Accordingly, this is not a case of self-induced error, but one in which the accused brought to light facts that should have been included in the review.

■ Finally, we are not impressed with the contention that the staff judge advocate was not disqualified because the clemency agreement with the witness' convening authority was negotiated by the trial counsel in the accused's case. Accused's statement that Torres' case remained referred to a special court-martial on the recommendation of the "Fort Wood Legal Office" stands unquestioned. The trial counsel is a part of the staff judge advocate section. *Cf.* United States v Diaz, 22 USCMA 52, 46 CMR 52 (1972). Absent evidence, therefore, that the agreement as to clemency was negotiated solely by the prosecutor without the blessing of his superior legal officer, we believe that responsibility for the action should in this case be imputed to the staff judge advocate.

Accordingly, we hold that the convening authority and staff judge advocate were disqualified to review and act upon the record in this case. United States v Dickerson, supra. A new review and action is required.

The decision of the U. S. Army Court of Military Review is reversed, and the action of the Commanding General, Fort Leonard Wood, Missouri, is set aside. The record of trial is returned to the Judge Advocate General of the Army for assignment to a different convening authority and staff judge advocate for a new review and action.

Chief Judge DUNCAN concurs.

QUINN, Judge (concurring in the result):

Under the Uniform Code of Military Justice and our cases, trial counsel is not, and cannot be, treated as "part of the staff judge advocate section" for the purpose of constituting him and the staff

judge advocate as members of a single entity, so that one member of the entity is chargeable with knowledge possessed by the other or with actions taken by him. The staff judge advocate can be an adviser to trial counsel, just as he can be to defense counsel, United States v Gunnels, 8 USCMA 130, 23 CMR 354 (1957), but if he unites with one or the other in function and conduct, he disqualifies himself from acting as staff judge advocate. I am constrained therefore to disassociate myself from that part of the principal opinion. However, I am satisfied that the record before the convening authority at the time of his action was sufficient to apprise him of the clemency arrangements made by his subordinate commander to obtain the testimony of Torres. As in United States v Dickerson, 22 USCMA 489, 47 CMR 790 (1973), the implication of influence is too strong to be safely disregarded. In situations of this kind, the appearance of evil must be as assiduously avoided as the evil itself. Consequently, I join in reversal of the decision of the Court of Military Review and in the disposition directed in the principal opinion.