UNITED STATES, Appellee

v

LOUVILLE L. SMITH, JR., Private, U. S. Army, Appellant

No. 27,763

May 31, 1974

*Major Franklin D. Arness* argued the cause for Appellant, Accused. With him on the brief was *Colonel Arnold I. Melnick.*

*Captain Robert B. Kurzweil* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen,* and *Captain Robert C. Roth, Jr.*

## OPINION OF THE COURT

FERGUSON, Senior Judge:

This case is before us on two issues. The first deals with whether the accused was denied a speedy trial under our decisions in United States v Marshall, 22 USCMA 431, 47 CMR 409 (1973), and United States v Burton, 21 USCMA 112, 44 CMR 166 (1971). As no motion to dismiss the charges for lack of compliance with the *Burton* rule was made at the trial, this issue must be resolved against the accused. United States v Sloan, 22 USCMA 587, 48 CMR 211 (1974).

The second issue concerns itself with the sufficiency of the post-trial review. We are satisfied that the review is deficient and that the case must be remanded for a new review and action.

Among other charges, the accused was ultimately convicted of negligent homicide. The major issues in the case were self-defense and the credibility of the prosecution witness, Sahm, as opposed to that of the accused and another witness, Jones.

All parties agreed that the accused and Jones came to Sahm's apartment, apparently to purchase a large quantity of hashish from one Bauer. They also agreed that Jones left the building and returned with a shotgun. According to Sahm, Jones reentered the apartment hallway with the shotgun and ordered him and Bauer to put their hands up. Instead, Bauer grabbed the gun and the three men struggled over it. During the struggle the gun went off. Jones called for help from the accused, who entered the hallway from another room and deliberately shot Bauer with a pistol. Accused and Jones then fled.

According to Jones and the accused, both were afraid of being robbed by Bauer and Sahm during the drug deal. Jones obtained the shotgun from his car in order to prevent any such occurrence. As he reentered the apartment, Bauer grabbed him and succeeded in obtaining the gun, although it went off during the struggle. As Bauer was now armed with the gun, Jones called to the accused for assistance. Accused entered the hallway from another room with the pistol in his hand. Bauer pointed the shotgun at him, and the accused fired at him because he feared for his life. The accused was unable to state whether he shot reflexively or the gun went off accidentally.

Other evidence indicated that the victim was a convicted burglar and a large-scale drug dealer. Sahm was portrayed as having been arrested for a violation of drug laws, having written a letter in which he denied knowing how Bauer was shot, having attempted to flee to Southern Europe following the shooting, and having falsely denied that he was awaiting trial on other unrelated charges.

The post-trial review merely noted that Bauer was "a trafficker in drugs who had a criminal record." It said nothing about Sahm's background and, while it briefly summarized accused's testimony that he shot in self-defense, all mention of Jones' corroborating statement that Bauer pointed the shotgun at the accused was omitted. In addition, the following extract constitutes the entire discussion of the self-defense issue:

The court rejected the accused's claim of self-defense in shooting Bauer and found him guilty of the lesser included offense of negligent homicide; i.e., an unlawful killing from an act of simple negligence. It would seem that the court believed the accused's assertion that he did not fire deliberately. The members must, therefore, have concluded that the accused's act in running into the hall with a pistol cocked and ready to fire and which did, in fact, fire was an act of negligence on his part. The evidence justified such a finding.

This Court has long held that the staff judge advocate's post-trial review must fairly summarize the evidence on both sides of an issue and provide the convening authority with adequate guideposts by which to determine anew the guilt or innocence of the accused. United States v Bennie, 10 USCMA 159, 27 CMR 233 (1959); United States v Fields, 9 USCMA 70, 25 CMR 332 (1958). As was recently reiterated in United States v Cruse, 21 USCMA 286, 288, 45 CMR 60, 62 (1972):

In a case that presents contested issues, the staff judge advocate should give reasons for the opinions expressed in his review.

In the present case, the staff judge advocate not only gave no reasons for the rejection of the accused's claim of self-defense, but omitted any real discussion of the issue. Moreover, he omitted any mention of Sahm's background and prior inconsistent statements, as well as the real nature of Bauer's criminal record. Finally, he did not discuss at all the legal concepts by which the convening authority was to measure the accused's claim of self-defense. Given these omissions, we are at a loss to understand how the convening authority can be said to have arrived at a proper result, after due consideration of both sides of a hotly contested question. Compare United States v Cruse, supra. The answer must be that he could not and that the review is prejudicially deficient. Accordingly, a new review and action on the record is required.

The decision of the U. S. Army Court of Military Review is reversed, and the record of trial is returned to the Judge

Advocate General of the Army. A new post-trial review and action by the convening authority may be had, or the U. S. Army Court of Military Review may affirm findings of guilty of the charges other than the homicide and appropriately reassess the sentence.

Chief Judge DUNCAN and Judge QUINN concur.