UNITED STATES, Appellee

v

DAVID L. WESTRICH, Fireman Recruit, U. S. Navy, Appellant

9 USCMA 82, 25 CMR 344

No. 11,094

Decided March 28, 1958

*Commander John P. Gibbons,* USN, was on the brief for Appellant, Accused.

*Major Charles R. Larouche,* USMC, was on the brief for Appellee, United States.

## Opinion of the Court

HOMER FERGUSON, Judge:

While the accused was being transferred with a group of prisoners from the Receiving Station, Philadelphia, to Retraining Command, Portsmouth, New Hampshire, the party stopped in the North Station, Boston. There, the accused and another prisoner broke away from the guards assigned to the party, and fled through the station and across the freight yards. After one of the guards fired a shot, the accused fell to the ground. Both would-be escapees were caught, returned to the station, and directed to lean against the wall with their arms and legs spread apart. The accused failed to obey this order. The escapees were then returned to the train handcuffed together. When it was noticed that the accused limped, the

guard ordered him to raise his trouser leg so that the fact and extent of his injury might be determined. The accused did not comply with the order and a guard was directed to make the inspection. At this, the accused doubled his fist and appeared ready to strike the inspecting guard. A sharp rap across the arm with a club dissuaded him from carrying out the threat.

This episode culminated in the accused's trial by general court-martial for the offenses of attempted escape from confinement, assault by making a threatening gesture, failure to obey a lawful order to stand spread-eagle, and failure to obey a lawful order to pull up his trouser leg, in violation of Articles 80, 134 and 92, 10 USC §§ 880, 934 and 892, respectively. The accused pleaded guilty to the charge of attempted escape but not guilty to the remaining offenses.

Testifying in his own behalf, he asserted that he had attempted to escape but during the course of his flight had tripped and fallen, spraining his left wrist and left ankle. This circumstance made it impossible to assume the spread-eagle position demanded of him. When he was returned to the train he felt very ill and sick at his stomach so he leaned his head on his left arm. Because of his physical condition and the position he was then in, he was unaware of any directions which may have been given to him. He remembered being struck with a club and having become so violently ill that he was removed to the rear of the car. Prosecution witnesses corroborated the fact of the accused's limping condition as well as his illness on the train. The court-martial found him guilty of attempted escape and failure to obey the order to pull up his trouser leg, but acquitted him of the remaining offenses.

The staff legal officer in the post-trial review fully summarized the evidence introduced at trial, but expressed no opinion as to factual or legal sufficiency of the evidence and offered nothing to support his recommendation that the findings and sentence be approved. In United States v Flemings, 8 USCMA 729, 25 CMR 233, this Court held that a post-trial review "must do more than summarize; it must also advise." Paragraph 85b, Manual for Courts-Martial, United States, 1951, in very explicit terms requires the staff judge advocate or legal officer, as the case may be, to include in his review "a summary of the evidence in the case, *his opinion as to the adequacy and weight of evidence . . . and a specific recommendation as to the action to be taken.*" (Emphasis supplied.) (See also United States v Fields, 9 USCMA 70, 25 CMR 332.) The failure of the review to comply with this provision can have no effect on the offense of attempted escape from confinement to which the accused pleaded guilty; however, as to the remaining offense of failure to obey a lawful order we reach a contrary conclusion. As to this offense, the inherent weakness of the prosecution's case, coupled with the accused's denials and the corroborative evidence by prosecution witnesses presented a question of fact for original resolution by the court-martial. The convening authority with the advice of his staff legal officer was required to independently resolve this issue. By failing to express his opinion in this instance, the accused has not been accorded the individualized review of his case at the convening authority level that he is entitled to. United States v Wise, 6 USCMA 472, 20 CMR 188.

We dispose of this case by returning the record of trial to The Judge Advocate General of the Navy for reference to a board of review. The board may, in its discretion, set aside the findings of guilt of specification 1, Charge III, and reassess the sentence on the basis of the remaining approved finding of guilt, or may order further proceedings in conformity with Articles 61 and 64 of the *Code*, supra, 10 USC §§ 861 and 864. Cf. United States v Katzenberger, 8 USCMA 497, 24 CMR 307. It is so ordered.

Chief Judge QUINN concurs.

Judge LATIMER concurs in the result.