UNITED STATES

v.

**Technical Sergeant Paul L. CUMMINS, FR 402–52–9548 4500th Civil Engineering Squadron 4500th Air Base Wing (TAC).**

ACM 21989.

U. S. Air Force Court of Military Review.

Sentence Adjudged 11 Nov. 1975.

Decided 28 April 1976.

Appellate Counsel for the Accused: Colonel Jerry E. Conner and Major John A. Cutts III. Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Alvin E. Schlechter.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

## DECISION

EARLY, Judge:

Tried by general court-martial, military judge alone, the accused was convicted, despite his pleas, of disrespect toward a commissioned officer, striking a commissioned officer then in the execution of his office, and two violations of a lawful general regulation, in violation of Articles 89, 90, and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 889, 890, 892. The approved sentence extends to a bad conduct discharge and reduction to the grade of sergeant (E–4).

Appellate defense counsel assign two errors for our consideration. The first is without merit and will not be discussed. In the second assignment, appellate defense counsel assert:

> THE REVIEW OF THE STAFF JUDGE ADVOCATE IS PREJUDICIALLY INADEQUATE IN ITS TREATMENT OF THE SPECIFICATION OF CHARGE I.

We agree. The referenced specification alleges that the accused behaved himself with disrespect toward a Colonel B., his superior commissioned officer, by saying to him: "Why you son of a bitch," or words to that effect. At trial Colonel B., his wife, his daughter and a friend all testified as to the disrespectful speech in essentially similar terms. In opposition, the accused and his wife denied that the words were said.

In his post-trial review, the staff judge advocate adequately summarized the testimony on both sides, but he failed to provide his reasons for believing the prosecution's evidence or, in the alternative, for disbelieving that submitted by the defense.

Although the staff judge advocate has broad latitude in the selection of matter to be included in the review (*United States v. Cash*, 14 U.S.C.M.A. 96, 33 C.M.R. 308 (1963)), the review must contain a "summary of the evidence . . ., [an] opinion as to the adequacy and weight of the evidence . . ., a specific recommendation as to the action to be taken . . . [and] reasons for both the opinion and the recommendation . . . ." Manual for Courts-Martial, 1969 (Rev.), paragraph 85*b*. Where there is a contested issue, the post-trial review must fairly summarize the evidence on both sides of the issue, and must provide the convening authority with adequate guideposts by which to "determine anew the guilt or innocence of the accused." *United States v. Smith*, 23 U.S.C.M.A. 98, 48 C.M.R. 659, 660 (1974). A mere summary of conflicting testimony—however well and fairly done—will not suffice; the staff judge advocate must give reasons for his expressed opinion. *United States v. Cruse*, 21 U.S.C.M.A. 286, 45 C.M.R. 60 (1972). This rationalization is required to point to the correct conclusion to be drawn from the evidence so that the convening authority may independently arrive at the correct decision. *United States v. Bennie*, 10 U.S.C.M.A. 159, 27 C.M.R. 233 (1959); *United States v. Hooper*, 9 U.S.C.M.A. 637, 26 C.M.R. 417 (1958); *United States v. Cruse, supra.*

Here the reviewer adequately summarized the testimony on both sides of the contested issue, but he failed to give his reasons for rejecting the accused's version and accepting the Government's. The mere statement that the "competent evidence of record is legally sufficient to support the findings and establishes beyond a reasonable doubt each and every element of the offenses of which the accused was found

guilty" was insufficient for this purpose. Cf. *United States v. Bennie, supra.* Thus, since this was a contested issue requiring that the staff judge advocate give reasons for his opinion, the reviewer did not accord the accused the individualized review of his case at the convening authority level to which he was entitled. *United States v. Westrick*, 9 U.S.C.M.A. 82, 25 C.M.R. 344 (1958) and *United States v. Wise*, 6 U.S.C. M.A. 472, 20 C.M.R. 188 (1955). Accordingly, a new review and action is required. See *United States v. Hooper, supra.*

Additionally, we note that although the reviewer did discuss the conflicting testimony as to whether Colonel B. "touched" or "grabbed" the accused's arm, this discussion was couched in terms of constituting a defense to the charge of assault. That discussion did not place before the convening authority the divergency of the evidence as presented by Colonel B. and the accused. The former testified that he did not "grasp" the accused, but that he merely "touched" him to get his attention whereupon the accused assaulted him. The accused, on the other hand, testified that Colonel B. grabbed him by his arm with sufficient force that it "stung," and that he struck Colonel B. "before [he] thought." Of these two versions of this incident, that given by the accused was corroborated by the testimony of a medical officer who examined the accused soon after the incident and found "red marks" on the upper surface of the right arm with "associated excoriations, four lacerations, fingernail marks, [and] lacerations that go from the inner surface to the outer surface to the distal part of the upper extremity." The doctor opined that these marks were caused by more than a "slight degree" of pressure. Corroboration is also found in the accused's act of displaying "a scratch" on his right arm to an officer immediately after he had struck Colonel B.

Whether or not the accused would have been justified in striking Colonel B. even under the circumstances related by the accused is questionable. Nevertheless, the accused was entitled to have the legal princi-

ples pertaining to this issue discussed by the reviewer. Furthermore, the evidence tending to support the accused's version rather than Colonel B.'s should have been discussed in terms of the latter's credibility.

One further matter merits our attention. We note that the defense counsel, in his response pursuant to the mandate in *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975), failed to detect and comment on these deficiencies. While failure to "take advantage of this opportunity" to correct the review might, in other circumstances, be considered to waive the error, we decline to extend the *Goode* waiver to encompass those situations where the review fails to meet the specified requirements of paragraph 85*b*.

The record is returned to The Judge Advocate General of the United States Air Force for submission to the convening authority for a new review and action.

LeTARTE, Chief Judge, and FORAY, Judge, concur.