UNITED STATES, Appellee

v

FRANK A. BENNIE, Sergeant, U. S. Army, Appellant

10 USCMA 159, 27 CMR 233

No. 11,884

Decided January 30, 1959

*First Lieutenant Philip J. Miller* argued the cause for Appellant, Accused. With him on the brief was *Major Edward Fenig.*

*First Lieutenant William H. Keniry* argued the cause for Appellee, United States. With him on the brief was *Major Thomas J. Nichols.*

Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused challenges the sufficiency of the post-trial review of his conviction by a general court-martial. The staff judge advocate summarized in some detail the evidence submitted by both parties. His discussion of the case, however, is limited to the following:

"4. DISCUSSION. *a. The findings.* It is the opinion of the Staff Judge Advocate that the findings of guilty of the charges and specifica-

tions were established beyond a reasonable doubt by the adequacy and weight of the competent evidence of record.

* * * * *

"5. OPINION.

* * * * *

"c. *Sufficiency of the evidence.* The competent evidence of record establishes the accused's guilt beyond a reasonable doubt and the findings of guilty are correct in law and fact.

"7. RECOMMENDATION. *a.* For the reasons stated it is recommended that the sentence be approved but that the bad conduct discharge be suspended until the accused is released from confinement, or until completion of appellate review, whichever is the later date."

Under the Uniform Code, the convening authority must submit the record of trial in a general court-martial case to a staff judge advocate for review. In turn, the staff judge advocate is required to provide the convening authority with a "written opinion." Article 61, Uniform Code of Military Justice, 10 USC § 861. In part, paragraph 85*b* of the Manual directs the staff judge advocate to give "reasons for both" his opinion and recommendations.

It is apparent that the Code and the supplemental Manual provisions are intended to prevent uninformed or capricious action on the case. United States v Fields, 9 USCMA 70, 25 CMR 332. Sometimes the evidence establishes guilt so clearly and compellingly that a recital of the evidence points unerringly to a conclusion of guilt. However, in a case involving disputed questions of fact, a mere summarization of the testimony does not necessarily point to the correct conclusion. Rationalization is required. And if the reasons offered for the conclusions are not persuasive, the conclusion may be unsound. Here, the accused testified at the trial. His testimony, corroborated by other evidence, raised substantial issues of fact as to most of the offenses charged. The situation, therefore, is one which required the staff judge advocate to give reasons for

**160**

his opinion. Cf. United States v Westrich, 9 USCMA 82, 25 CMR 344.

The decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General of the Army for reference to a competent convening authority for further proceedings under Articles 61, 64, Uniform Code of Military Justice, 10 USC §§ 861, 864.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

While here, as in United States v Fields, 9 USCMA 70, 25 CMR 332, I see no need and have no desire to quarrel with the general concept employed by my colleagues, I disassociate myself from their conclusion in applying it to the case at bar. The staff judge advocate, in his review, after an extensive and complete summary of all the evidence—both prosecution and defense—advised his superior that no error was disclosed by the record, that the instructions were proper, and, as set forth in the majority opinion, that the competent evidence was sufficient to establish accused's guilt and that, in his opinion, the findings of guilty were established beyond a reasonable doubt by the weight and adequacy of the evidence. From the foregoing, I conclude the post-trial advice complies with the requirements of both the Code and the Manual, and I am unable to see the infirmity found by my associates. Certainly, fairly embraced within the four corners of the review is the staff judge advocate's rejection of accused's self-serving and unimpressive testimony, for he could not be convinced of the later's guilt if he believed him. Moreover, the legal expert's statement that, in his opinion, accused's guilt was "established beyond a reasonable doubt by the adequacy and weight of the competent evidence of record," itself constitutes a "reason." If that be not so, then what reasons, I ask, should the post-trial reviewer assign in a case where only prosecution evidence is presented, in which instance the determinative factors would extend no further than quantum and quality?

To apply the concept as my associates have done is to require lawyers preparing post-trial reviews to perform the hollow task of writing in a tautological form or force them unnecessarily to burden their reviews with a discussion of each minor incident of trial wholly without regard to its impact on findings or sentence.

I would affirm the decision of the board of review.