UNITED STATES, Appellee

v

THOMAS A. CLARK, Private First Class,
U. S. Marine Corps, Appellant

10 USCMA 614, 28 CMR 180

No. 13,192

Decided August 14, 1959

Major *Lester E. Wilkes* was on the brief for Appellant, Accused.

*Lieutenant Colonel J. E. Stauffer* was on the brief for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was convicted of aggravated assault, in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928. The principal contested issue at the trial was whether the accused or someone else cut the victim during a street fight. In the post-trial advice to the convening authority, the staff legal officer summarized the evidence for both the Government and defense, but did not give any reason for his recommendation that the evidence established the accused's guilt beyond a reasonable doubt. Before the board of review, the accused contended that under our decision in United States v Bennie, 10 USCMA 159, 27 CMR 233, the review was legally inadequate. The issue was decided against him. For the reasons set out in the *Bennie* case, we hold that the board of review erred.

The decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General of the Navy for submission to a competent convening authority for further proceedings in accordance with Articles 61 and 64 of the Uniform Code of Military Justice, 10 USC §§ 861, 864.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

Here, in his post-trial review, the staff legal officer set forth a full summary of the evidence presented by both parties, advised the convening authority that he noted no errors or irregularities, and as to the adequacy and weight of the evidence gave his opinion that the competent evidence of record established accused's guilt beyond a reasonable doubt and that the findings were correct in law and fact. Accordingly, for the reasons set forth in my dissenting opinion in United States v Bennie, 10 USCMA 159, 27 CMR 233, I must disagree with the conclusion of my associates.

I would affirm the decision of the board of review.