UNITED STATES, Appellee

v

CLARENCE W. CRUSE, Private, U. S. Army, Appellant

21 USCMA 286, 45 CMR 60

No. 24,610

March 31, 1972

*Captain J. Houston Gordon* argued the cause for Appellant, Accused. With him on the brief were *Colonel George J. McCartin, Jr., Lieutenant Colonel Joseph E. Donahue, Captain Bruce Topman,* and *Captain Robert H. Dickman.*

*Lieutenant Colonel Ronald M. Holdaway* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Captain Richard A. Karre,* and *Captain Richard L. Menson.*

## Opinion of the Court

DARDEN, Chief Judge:

Private Cruse questions the adequacy of the staff judge advocate's post-trial review of his trial by special court-martial. Specifically, he contends that the review is prejudicially deficient in that it contains no discussion or analysis of the evidence presented on the merits other than a superficial summary of the testimony of some, but not all, the witnesses and that it contains no summary of the testimony of an important Government witness, Specialist Four Eckert.

A special court-martial composed of a military judge alone convicted Private Cruse of the larceny of 40 poncho liners and of a two-day absence. His sentence, which is unreduced after earlier appellate review, is to a bad-conduct discharge, forfeiture of $82.00 a month for four months, and confinement at hard labor for four months.

In ten sentences the staff judge advocate summarized 21 pages of testimony by the appellant in his own defense. In this testimony the appellant attempted to convince the military judge that his absence resulted from his having had permission to vist another unit in an attempt to receive pay, that he encountered some difficulties in returning, that he called his unit and received permission to prolong his absence, and that he had returned to his company on February 3 instead of February 4, 1970, as charged. Since the reviewer did not mention the appellant's explanation, and since the termination date of his absence was contested, the convening authority was not on notice that exculpatory testimony existed on this offense.

The larceny conviction was based on circumstantial evidence. The combined testimony of three prosecution witnesses depicts the appellant's appearance at an Army supply depot at

Long My, Vietnam, on the night of January 20–21, 1970. Although Cruse worked in one section of the depot, on the night of the offense he inquired of one of the other persons on duty whether poncho liners were stored in the depot's yard and at what time the persons then on duty were away for a meal. Cruse and a companion named Cornish left but returned about an hour and a half later. This time they asked that the location of the poncho liners be pointed out on a hand-drawn map they had. But the map did not lend itself to locating the liners. Again they left. When a forklift was missing from its usual parking place at about 1:00 a.m., on January 21, a search of the area resulted in the discovery that two crates used for the storage and shipment of poncho liners had been broken into. Each crate should have contained ten cartons of ten liners. Instead, one of the crates was empty, and the other contained only five cartons. At about this time, Cruse and Cornish appeared at another area of the depot in a truck. They were informed that they had no business there and that they should leave.

The review fails to summarize the deposition of Specialist Eckert, the fourth Government witness. His deposition reflects that on the night of the offense he was a tower guard on the perimeter of the depot. At about 1.00 a.m., Cruse and Cornish appeared and asked his permission to cross over the fence. They then left. Later, they returned and lifted over the fence a bundle about three feet long and wrapped in a liner. The testimony indicates further that Cornish dragged the bundle into the bushes outside the fence.

In his testimony, Cruse admitted having been at the depot, but he denied the larceny. He explained the reasons for his curiosity about the location of

**287**

the liners by saying that he inquired on behalf of persons he knew who had indicated their need for liners. He testified that the bundle he and Cornish had taken over the fence contained a large supply of cigarettes Cornish had accumulated with the help of a girl at the post exchange who did not charge his ration card when he bought them.

This short sketch of the evidence makes clear to us that Cruse's defense harmonized with Eckert's testimony. Too brief a reference to Cruse's testimony and no summary of Eckert's caused the convening authority not to have an opportunity to compare the similarities.

A staff judge advocate is necessarily selective in summarizing the evidence for a post-trial review. His exercise of discretion is subject to review for abuse. United States v Cash, 14 USCMA 96, 33 CMR 308 (1963). A review that is incomplete or misleading on an important point is unacceptable. United States v Hooper, 9 USCMA 637, 26 CMR 417 (1958). When disputed questions of fact cause a bare statement of the evidence not to point unerringly to guilt, a staff judge advocate should furnish reasoning supporting a con-

clusion. United States v Bennie, 10 USCMA 159, 27 CMR 233 (1959). Accepting the Government's contention that a staff judge advocate should summarize only salient evidence, not all evidence, our examination of this record causes us to conclude that the summary in this instance fails to meet minimum standards of saliency. And a staff judge advocate's responsibility extends beyond providing a fair summary of the evidence. In a case that presents contested issues, the staff judge advocate should give reasons for the opinions expressed in his review. But this review simply advised the convening authority that "The findings of guilty were correct in law and fact and were established beyond a reasonable doubt by competent evidence of record." In a case of this kind, such a brief statement is inadequate. United States v Bennie, supra.

We reverse the decision of the Court of Military Review and return the record of trial to the Judge Advocate General of the Army for reference to a convening authority for further proceedings under Articles 61 and 64, Uniform Code of Military Justice, 10 USC §§ 861 and 864.

Judges QUINN and DUNCAN concur.