# UNITED STATES, Appellee

v

EZEKIEL LINDSEY, JR., Private, U. S. Army, Appellant

No. 27,489

March 22, 1974

*Captain J. Houston Gordon* argued the cause for Appellant, Accused. With him on the brief were *Colonel Arnold I. Melnick* and *Captain Denis E. Hynes.*

*Captain Keith H. Jung* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen, Captain Robert C. Roth, Jr.,* and *Captain James D. Hyde.*

## OPINION OF THE COURT

FERGUSON, Senior Judge:

The accused, convicted of several offenses and acquitted of one, complains that the staff judge advocate's post-trial review is misleading in that it indicated his conviction of a count of which he was acquitted and stated no reasons for concluding that the evidence was sufficient to establish the accused's guilt of the other counts beyond a reasonable doubt.

The sole reference to the accused's *acquittal* is found on page two of the review, which as to this specification, declares that the finding was "NG." Thereafter, however, the staff judge advocate set out the evidence relating to this alleged offense and delineated its elements. After discussing various motions and the military judge's instructions, he concluded that the findings of guilty were "correct in law and fact."

The Government contends that, taken as a whole, the post-trial review conforms to the requirements of the Uniform Code of Military Justice and the Manual for Courts-Martial, United States, 1969 (Rev.). We cannot agree. It is at the convening authority's level that the accused has his best opportunity for relief, for that official possesses broad powers over the findings and sentence that are not within the authority of the Courts of Military Review or this Court. United States v Rivera, 20 USCMA 6, 42

CMR 198 (1970). In order to exercise his authority, the convening authority must be properly informed as to the case. United States v Foti, 12 USCMA 303, 30 CMR 303 (1961); United States v Fields, 9 USCMA 70, 25 CMR 332 (1958). When the review is erroneous, confusing, or misleading, he is unable to exercise his responsibility, as required by Article 64, UCMJ, 10 USC § 864.

■ In the present case, the review is clearly misleading. With only a brief notation that the accused has been acquitted for one of the offenses charged, the review proceeds to summarize evidence as to that offense, set forth its elements, and treat it as if the accused had been convicted. Indeed, the discussion formed a part of the section of the review which treated the offenses of which the accused was convicted. In light of this extended treatment, we cannot say that a fair risk does not exist that the convening authority was misled as to the findings of the court-martial and that the accused was not prejudiced.

■ Turning to the second prong of the accused's attack on the review, we note that the staff judge advocate's sole discussion of the offenses charged *vis-a-vis* the proof was to state that the findings of guilty were "correct in law and fact." As early as United States v Fields, su-

pra, we declared that the staff judge advocate must state his opinion as to the adequacy and weight of the evidence, and in United States v Bennie, 10 USCMA 159, 27 CMR 233 (1959) we added that he must give reasons for his conclusion. See also United States v Cruse, 21 USCMA 286, 45 CMR 60 (1972). Here there was no discussion of the evidence, no reasoning as to the witnesses' credibility, no attempt to apply the law to the facts, and, in short, no reasoned conclusions. Considered in light of the erroneous inclusion of matters relating to the offense of which the accused was acquitted, we believe that the review was substantially misleading. United States v Bennie, supra; United States v Fields, supra. Accordingly, a new post-trial review and action are required.

The decision of the United States Army Court of Military Review is reversed, and the action of the convening authority is set aside. The record of trial is returned to the Judge Advocate General of the Army for transmittal to the convening authority and preparation of a new post-trial review of the record and action thereon.

Chief Judge DUNCAN and Judge QUINN concur.