**UNITED STATES**

v.

**Private First Class (E–3) Phil L. BOS-WELL, 453–02–1494, US Army, Headquarters and Headquarters Company, 1st Support Brigade, APO New York 09325.**

**SPCM 11087.**

U. S. Army Court of Military Review.

11 Nov. 1975.

Appearances: Appellate counsel for the Accused: CPT Derryl W. Peden, JAGC; CPT Anthony J. Siano, JAGC; MAJ Richard J. Goddard, JAGC; LTC James Kucera, JAGC. Appellate counsel for the United States: CPT Keith H. Jung, JAGC; CPT Allan A. Toomey, JAGC; MAJ Steven M. Werner, JAGC; LTC Donald W. Hansen, JAGC.

---

OPINION OF THE COURT

DeFORD, Judge:

The appellant, at trial by special court-martial, pleaded not guilty, but was found

guilty of violations of Articles 92 (violation of a lawful general regulation by unlawful possession of methaqualone, a controlled substance) and 134 (possession of 35 grams of marijuana), Uniform Code of Military Justice (UCMJ), 10 USC §§ 892 and 934, respectively. The accused received the sentence outlined above.

The appellant through counsel assigns as error among others, the inadequacy of the post-trial review.

At trial, the defense counsel brought out through cross-examination of the company commander, that immediately prior to the search, the room in which the contraband drugs were found, had been occupied by two other soldiers in addition to the accused. The drugs were found in common areas of the appellant's room as well as in a cabinet that also contained personal property that belonged to a former occupant.

This evidence raised the affirmative defense of unknowing or innocent possession, and it constituted the appellant's defense in this case, as was clearly evidenced by his counsel's closing argument to the jury on findings. He relied upon no other.

■ It has long been held that the staff judge advocate's post-trial review must fairly summarize the evidence on both sides of an issue and provide the convening authority with adequate guideposts by which to determine anew the guilt or innocence of the accused.[1]

■ The staff judge advocate must necessarily be selective in determining the matters to be placed in the post-trial review. However, his exercise of discretion is subject to review for abuse.[2]

■ The affirmative defense of unknowing innocent possession which the appellant raised through the cross-examination of the government's primary witness should have been presented to the convening authority for his consideration, along with appropriate guidelines and the staff judge advocate's opinion as well as his reasons therefor.[3]

Accordingly, a new review and action is required. In view of the foregoing, we do not reach the other assigned error as we assume that matter will be carefully reviewed in a future post-trial review and action.

The action of the convening authority dated 7 February 1975, is hereby set aside. The record of trial is returned to The Judge Advocate General of the Army for a new review and action by a different staff judge advocate and convening authority.

Senior Judge BAILEY and Judge COOK concur.

---

1. *United States v. Smith,* 23 U.S.C.M.A. 98, 48 C.M.R. 659 (1974); *United States v. Bennie,* 10 U.S.C.M.A. 159, 27 C.M.R. 233 (1959); *United States v. Fields,* 9 U.S.C.M.A. 70, 25 C.M.R. 332 (1958).

2. *United States v. Cash,* 14 U.S.C.M.A. 96, 33 C.M.R. 308 (1963).

3. *United States v. Gaines,* 49 C.M.R. 699 (A.C. M.R.1974).