**UNITED STATES**

v.

**Airman First Class Ceatrice McCADNEY, Jr., FR 493–62–5774 3201st Transportation Squadron Armament Development and Test Center (AFSC).**

**ACM 21866.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 4 April 1975.

Decided 18 Nov. 1975.

Appearances: Appellate counsel for the Accused: Colonel William E. Cordingly, Colonel Jerry E. Conner and Major John A. Cutts III. Appellate counsel for the United States: Colonel C. F. Bennett, Colonel Julius C. Ullerich, Jr., Captain Frederick P. Waite and Lieutenant Colonel George L. Frederick, USAFR.

## DECISION

LeTARTE, Chief Judge:

Despite his pleas, the accused was convicted of larceny (two specifications), wrongful appropriation, housebreaking, attempted larceny, making a false statement, and willful disobedience of and disrespect toward, a superior noncommissioned officer, in violation of Articles 121, 130, 80, 134 and 91, 10 U.S.C. §§ 921, 930, 880, 934, 891, respectively, of the Uniform Code of Military Justice. He was sentenced to be discharged from the service with a bad conduct discharge, to forfeit all pay and allowances, to be confined at hard labor for two years and to be reduced in grade to airman basic. The convening authority approved the sentence as adjudged and designated the United States Disciplinary Barracks, Fort Leavenworth, Kansas, as the place of confinement.

■ Because of our agreement with appellate defense counsel's contention that the staff judge advocate's post-trial review is prejudicially inadequate, we find it unnecessary to discuss at this time the many additional errors assigned by the accused in his request for appellate representation and by appellate defense counsel.

The manual requires that a post-trial review include:

> . . . [A] summary of the evidence in the case, [the staff judge advocate's] opinion as to the adequacy and weight of the evidence and the effect of any error or irregularity respecting the proceedings, and a specific recommendation as to the action to be taken. Reasons for both the opinion and the recommendation will be stated.

Manual for Courts-Martial, 1969 (Rev.), paragraph 85b. The convening authority is not presumed to be aware of errors, irregularities or issues not discussed by his staff judge advocate; and although the staff judge advocate necessarily has wide discretion in determining matters to be included in his review, an appropriate discussion of any point that might substantially influence the convening authority's action is required. *United States v. Foti*, 12 U.S.C.M.A. 303, 30 C.M.R. 303 (1961); *United States v. Fields*, 9 U.S.C.M.A. 70, 25 C.M.R. 332 (1958). A review that is incomplete or misleading on a significant factor is unacceptable. *United States v. Cruse*, 21 U.S.C.M.A. 286, 45 C.M.R. 60 (1972), citing *United States v. Hooper*, 9 U.S.C.M.A. 637, 26 C.M.R. 417 (1958).

■ In the case before us, there are several material deficiencies in the staff judge advocate's review. The evidence was not adequately summarized,[1] the reviewer did not sufficiently apprise the convening authority of the essential elements of the offenses that were factually in issue,[2] nor did he evaluate the evidence and give reasons for his opinion as to the adequacy and weight thereof.[3] Furthermore, the reviewer did not discuss several of the significant issues raised at trial in terms of the applicable law and rules of evidence but merely stated his conclusions without setting forth the legal bases thereof.

As stated by Chief Judge Quinn in *United States v. Bennie*, 10 U.S.C.M.A. 159, 27 C.M.R. 233 (1959);

> Sometimes the evidence establishes guilt so clearly and compellingly that a recital of the evidence points unerringly to a conclusion of guilt. However, in a case involving disputed questions of fact, a mere summarization of the testimony does not necessarily point to the correct conclusion. Rationalization is required. And if the reasons offered for the conclusions are not persuasive, the conclusion may be unsound.

These principles have been iterated in many decisions since *Bennie* was decided. However, judge advocates called upon to write post-trial reviews continue to overlook or disregard them despite the excellent guidance pertaining to the review writing process that is set forth in Air Force Manual 111–1, Military Justice Guide, dated 2 July 1973, paragraph 7–3.

In summation, we find that the deficiencies in the post-trial review are of sufficient import to require a new review and action. *United States v. Lindsey*, 23 U.S.C.M.A. 9, 48 C.M.R. 265 (1974). The record of trial is returned to the Judge Advocate General, United States Air Force for referral to an appropriate officer exercising general court-martial jurisdiction for a new review and action.[4]

---

1. Although the reviewer completely restated each witness' testimony before the members seriatim, he summarized very little of the evidence that was introduced during Article 39(a) sessions relative to the admissibility of evidence contested by the defense.

2. Cf., *United States v. Dupree*, 45 C.M.R. 456 (A.F.C.M.R.1972), pet. denied, 45 C.M.R. 928 (1972).

3. *United States v. Withrow*, 8 U.S.C.M.A. 728, 25 C.M.R. 232 (1958).

4. Implicit in our decision is our conclusion that the review inadequacies discussed herein were not waived by the defense counsel's failure to submit a challenge pursuant to the Court's mandate in *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).