**406**

UNITED STATES, Appellee,

v.

Gregory L. BARNES, Private, U. S. Army, Appellant.

No. 33,359.
SPCM 11626.

U. S. Court of Military Appeals.

Oct. 3, 1977.

*Captain Richard A. Pearson* argued the cause for Appellant, Accused. With him on the briefs were *Colonel Alton H. Harvey, Colonel Robert B. Clarke, Lieutenant Colonel John R. Thornock,* and *Major Benjamin A. Sims.*

*Captain Jack M. Hartman* argued the cause for Appellee, United States. With him on the briefs were *Colonel Thomas H. Davis, Major John T. Sherwood, Jr.,* and *Captain Lee D. Schinasi.*

Opinion of the Court

COOK, Judge:

The appellant was tried by a special court-martial consisting of a military judge alone for assault, burglary, larceny, possession of narcotic paraphernalia in violation of state law (an assimilated crime under 18 U.S.C. § 13), possession of marihuana, absence without authority (two specifications), and escape from confinement, in violation of Articles 128, 129, 121, 134, 86, and 95, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 929, 921, 934, 886, and 895, respectively. In accordance with his pleas, he was found not guilty of the offenses involving the possession of narcotic paraphernalia, the possession of marihuana, and escape from confinement, but contrary to such pleas, he was found guilty of the remaining offenses. We granted review upon an issue which questions the adequacy of the staff judge advocate's post-trial review.

On appeal, the appellant asserts the review is deficient because it fails to delineate the elements of the offenses and to relate the evidence to the offenses in a meaningful manner; that it omits any specific reference to the fact that part of the evidence against the appellant consisted of the testimony of his accomplices and such testimony should be considered with caution; and that it summarized evidence relating to offenses for which the appellant was acquitted in a manner that could have misled the convening authority. The record reflects that on October 3, 1975, a copy of the post-trial review was served on the trial defense counsel who submitted no challenges to the adequacy of the review.[1] In *United States v. Goode,* 23 U.S.C.M.A. 367, 370, 50 C.M.R. 1, 4, 1 M.J. 3, 6 (1975) (footnote omitted), the Court, after noting the delays encountered in resolving continual complaints as to the adequacy of post-trial reviews, held:

Accordingly, it is ordered that on and after May 15, 1975, a copy of the written review required by Article 61 or 65(b), UCMJ, 10 U.S.C. § 861 or 865(b), be

1. The trial defense counsel also specifically waived the 5-day period allocated to the de-

fense for the purpose of submitting a reply to the post-trial review.

served on counsel for the accused with an opportunity to correct or challenge any matter he deems erroneous, inadequate or misleading, or on which he otherwise wishes to comment. Proof of such service, together with any such correction, challenge or comment which counsel may make, shall be made a part of the record of proceedings. The failure of counsel for the accused to take advantage of this opportunity within 5 days of said service upon him will normally be deemed a waiver of any error in the review.

The present case clearly validates the Court's purpose in formulating the *Goode* requirement. If a challenge had been made to the post-trial review by the trial defense counsel, the alleged deficiencies could have been easily and expeditiously resolved below. While *Goode* recognized, by use of the phrase "normally be deemed a waiver," that a case could arise which involves inadequate representation by counsel where waiver would not be applied, such circumstances are not involved in the present case. As the trial defense counsel perceived no prejudicial deficiencies in the post-trial review, we will not entertain such a complaint at the appellate level. Accordingly, we hold, as we announced in *Goode*, that any error in the review has been waived.

The decision of the United States Army Court of Military Review is affirmed.

Judge PERRY concurs.

FLETCHER, Chief Judge (concurring):

As noted by the majority, we undertook review of this case to examine the appellant's claims that the post-trial review was inadequately prepared to his prejudice. Although I share the conclusion of the majority that the facts of this case properly support invocation of the waiver doctrine under our decision in *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975), I feel it necessary additionally to address briefly one of the claimed deficiencies in the review. Appellate defense counsel argue that the failure of the staff judge advocate to advise the convening authority of the elements of the offenses and the relationship of the evidence to those elements precluded the convening authority from making an informed decision as to the propriety of the court's findings. Counsel rely upon paragraph 85*b* of the Manual for Courts-Martial, United States, 1969 (Revised edition), and our early decisions of *United States v. Clark*, 10 U.S.C.M.A. 614, 28 C.M.R. 180 (1959) and *United States v. Bennie*, 10 U.S.C.M.A. 159, 27 C.M.R. 233 (1959), as support for this proposition.[1] I believe that this position has merit and would hold it incumbent upon a staff judge advocate always to include a delineation of the elements of the offenses and the relationship of the evidence presented at trial to those elements in order satisfactorily to provide the convening authority with sufficient guidelines so that he may make an informed decision which I believe was the intent of Congress under Articles 61, 64 and 65(b), Uniform Code of Military Justice, 10 U.S.C. §§ 861, 864, and 865(b), respectively. *See United States v. Fields*, 9 U.S.C.M.A. 70, 25 C.M.R. 332 (1958). Bald conclusions as to sufficiency of the evidence without reasons and legal guidelines cannot suffice.[2]

1. The Courts of Military Review have already properly noted the need for such information in a post-trial review. *See United States v. Baker*, 50 C.M.R. 758 (A.F.C.M.R.1975), *petition denied*, 23 U.S.C.M.A. 670 (1975); *United States v. Donoho*, 46 C.M.R. 691 (A.C.M.R.1972), *petition denied*, 22 U.S.C.M.A. 645 (1973).

2. This problem is only compounded when, as here, the trial was by judge alone, and even assuming the convening authority chose to examine the record of trial, there would be no instructions present to give him legal guidance.