UNITED STATES

v.

**Douglas McArthur PICKENS, 587 96 8262, Seaman (E–3), U. S. Navy.**

**NCM 78 1855.**

U. S. Navy Court of Military Review.

Sentence Adjudged 23 June 1978.

Decided 3 Oct. 1979.

LT Lawrence W. Muschamp, JAGC, USN, Appellate Defense Counsel.

LT J. G. VanWinkle, JAGC, USNR, Appellate Government Counsel.

Before BAUM, Senior Judge, and PRICE and MICHEL, JJ.

PRICE, Judge:

Appellant was tried by a general court-martial, judge alone, at the San Diego Naval Legal Service Office. The charges, which arose while appellant was assigned on board USS VANCOUVER (LPD-2), involved an unauthorized absence; striking two commissioned officers, one the commanding officer of his ship, the other his division officer; offering to assault a petty officer; and attempting to disobey a direct order, chargeable under Articles 86, 90, 91 and 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 890, 891, 880, respectively. Appellant pled guilty to the unauthorized absence (Charge I) and not guilty to the remaining charges. He was found guilty of Charges I, II and IV, as charged, and of the lesser included offense of a simple assault, chargeable under Article 128, UCMJ, 10 U.S.C. § 928, instead of the greater Article 91 offense of Charge III. He was sentenced to a dishonorable discharge, total forfeitures, confinement at hard labor for 21 months, and reduction in rate to pay grade E-1.

Appellant assigns the following errors:

## I

THE GOVERNMENT FAILED TO PROVE BEYOND REASONABLE DOUBT THAT THE CAPTAIN'S ACTIONS WERE NOT TANTAMOUNT TO AN INVITATION TO COMBAT, THEREBY RENDERING THE ENSUING ALTERCATION NO MORE THAN A BREACH OF PEACE OCCASIONED BY MUTUAL COMBAT BETWEEN TWO SAILORS.

## II

THE GOVERNMENT FAILED TO PROVE THAT THE ACTIONS OF THE CAPTAIN HAD NOT DIVESTED HIM OF HIS CLOAK OF AUTHORITY, THEREBY REDUCING THE CHARGED ARTICLE 90 ASSAULTS INTO ARTICLE 128 ASSAULTS.

## III

THE GOVERNMENT FAILED TO PROVE THAT APPELLANT WAS MENTALLY RESPONSIBLE FOR HIS CONDUCT AND NOT IN THE THROES OF A HYSTERICAL REACTION ROBBING HIM OF SUBSTANTIAL CAPACITY TO CONFORM HIS CONDUCT TO THE LAW.

## IV

THE EVIDENCE DOES NOT SUSTAIN APPELLANT'S CONVICTION ON CHARGE IV, ALLEGING AN "ATTEMPTED DISOBEDIENCE."

## V

THE STAFF JUDGE ADVOCATE'S REVIEW IS DEFICIENT IN AN IMPORTANT RESPECT.

We disagree with four of the five assignments. All, however, merit discussion.

■ Appellate Government counsel correctly observes that credibility is the key to the resolution of appellant's first two as-

signments of error. The clash on credibility was between the Commanding Officer of the VANCOUVER and the appellant concerning what was said and what occurred in the Captain's cabin during a request mast at which only the Captain and appellant were present.

Appellant went to the Captain's cabin on the morning of 5 April 1978 because he had requested mast with the Captain. Appellant came into the cabin without greeting the Captain and sat down in a chair next to the desk at which the Captain was seated. When the Captain asked appellant what his problem was, appellant replied that he wanted "out of the f___ing Navy" and "off the f___ing ship." The Captain informed appellant that he did not have the authority to grant the requests, but that after the proper procedures were followed appellant might get his wishes.

Appellant became more upset and said he would no longer work on the ship. The Captain ordered him to leave, stating that the conversation would be continued when appellant got control of himself. The Captain then got up and walked over to and opened the cabin door, which had a hydraulic closing mechanism.

Appellant claims that, after he had stepped over the coaming in the doorway with his left foot, the "enraged" Captain slammed the door on appellant's right foot, and that the Captain then pushed on the door with all his strength causing pain and slight abrasion. Appellant further claims that he succeeded in pushing the door back off his foot, but that he does not remember anything thereafter until approached by a petty officer.

The Captain, on the other hand, testified that appellant, when halfway out the door, started swinging and tried to come back into the cabin. At that point, the Captain "jammed the door against" appellant who was "striking the wall, the bulkhead area with his hand and his foot, and pushing against the door." Seaman Pickens did finally force the door open and get back into the cabin.

Appellant was found hitting the Captain, who was lying face down in the passageway with his feet caught between the door and the coaming and who was calling for help. The Captain suffered injuries to his face, leg, knee, and hand. When witnesses tried to assist the Captain, appellant either struck them or attempted to do so.

The Commanding Officer of the USS VANCOUVER (LPD–2) has had 33 years of honorable service, the last 10 years of which were ship commands; his present ship is his fourth in his 10 years of command. He is considered fair, and forceful though not aggressive, when dealing with his sailors. Appellant, a seaman with over five years of service, was in poor spirits on the day of the request mast; prior to that day he was a non-violent individual. He was dissatisfied with the ship and his assigned job. His record shows a prior captain's mast for an unauthorized absence and a summary court-martial for larceny of an automobile.

In weighing the testimony of these two witnesses, we believe the Commanding Officer's version of the events. We find that the appellant committed the assault without provocation and that the Commanding Officer acted in self-defense in attempting to close the door after appellant commenced his attack. Accordingly, appellant's first two assignments of error are rejected.

■ With respect to assignment of error III, the record clearly establishes that the Government and defense psychiatrists agreed appellant suffered from no mental disease or defect. Such mental disease or defect is a prerequisite for a finding of a lack of mental responsibility. *See United States v. Frederick*, 3 M.J. 230, 234 (C.M.A. 1977) (enunciating the legal test presently in existence). We believe the Government proved that appellant was mentally responsible for his conduct. Assignment of error III is meritless.

■ Assignment of error IV has merit. The Government cites no authority, and we are unable to find any, for their proposition that the offense of *attempted* willful disobedience of a lawful order exists. Appen-

dix 12–2 of the *Manual* does show a violation of Article 92, UCMJ, "failure to obey a lawful order" to be a lesser included offense of an Article 90(2), UCMJ, offense. We find, however, that, even if an Article 90 offense was stated, which was not done, the evidence of record fails to support even an Article 92 lesser included offense. Accordingly, the findings of guilty as to Charge IV must be set aside and the sentence reassessed.

■ Assignment of error V is meritless. Appellate Government counsel correctly states in his brief the law regarding the requirements of an adequate staff judge advocate's review. We find this staff judge advocate's review to be quite adequate in every respect, particularly in the aspect of self-defense. It is noted that the defense counsel, after service of a copy of the review, failed to make any comments whatsoever; even if the review was deficient, *United States v. Barnes*, 3 M.J. 406, 407 (C.M.A.1977), holds a failure to comment to be a waiver.

The findings of guilty as to Charge IV and the specification thereunder are set aside and dismissed. The findings of guilty as to Charges I, II, and III, and the specifications thereunder, are affirmed. Upon reassessment, the sentence as approved on review below is affirmed.

Senior Judge BAUM concurs.

MICHEL, Judge (absent/concurs).