Record returned for new review and action.

UNITED STATES

v.

Donald John POWIS, 265 39 6790, Private (E–1), U. S. Marine Corps.

NCM 78 1112.

U. S. Navy Court of Military Review.

Sentence Adjudged 5 April 1978.

Decided 15 Feb. 1980.

LT Michael F. Fink, JAGC, USNR, Appellate Defense Counsel.

LT Christine M. Yuhas, JAGC, USN, Appellate Government Counsel.

Before CEDARBURG, C. J., and FERRELL and DONOVAN, JJ.

PER CURIAM:

Appellant was tried before a general court-martial, judge alone presiding, at Naval Support Activity, Naples, Italy. Contrary to his pleas, appellant was convicted of two specifications under Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892, of possession of 295 grams of marijuana in hashish form and of introduction of some amount of marijuana in hashish form into his Marine Barracks; one specification under Article 108, UCMJ, of willful damage of the roof panel and door of the Navy Exchange of a value of less than $50.00; one specification under Article 113, UCMJ, 10 U.S.C. § 913, of leaving his post as a sentinel; three specifications under Article 121, UCMJ, 10 U.S.C. § 921, of larceny of merchandise from the Navy Exchange of a value of over $10,000.00; and, three specifications under Article 130, UCMJ, 10 U.S.C. § 930, of unlawfully entering the Navy Exchange with the intent to commit a criminal offense therein. The sentence of 4 years confinement at hard labor, total forfeitures, dishonorable discharge, and a fine of $5,000.00 with provision that if the fine of $5,000.00 is not paid then appellant must remain in confinement at hard labor for an additional 10 months over and above the previously adjudged 4 years confinement, was approved by the convening authority.

In view of our decision, we need address only one of appellant's assignments of error. This assignment contends that the review of the staff judge advocate is fatally and prejudicially deficient.[1] The Government asserts that the *Goode* response, which commented at length on the review's adequacy and which was unchallenged by the staff judge advocate, elaborated on any deficiencies which may have existed in the review. The Government thereupon reasons that appellant was made aware of all the data the defense deemed pertinent, and the convening authority was alerted to any errors and misleading statements contained in the review before taking his action. The Government does, however, request that a new review by the staff judge advocate be ordered to prevent any possibility of prejudice which could result from what is perceived as an apparent conflict of interest of the reviewer resulting from a professional relationship he had established with a prosecution witness. While our reading of the record does not compel us to find that such a conflict existed and, thus, that a new review is for *that* reason necessitated, we do believe that the staff judge advocate's review was inadequate in its failure to delineate the elements of the offenses involved and, given the nature of this case, discuss the evidence adduced at trial by both parties regarding those elements, as well as failing to give reasons for the opinions expressed by the staff judge advocate.

■ Article 61, UCMJ, 10 U.S.C. § 861, is the Code provision which requires a "written opinion" from the staff judge advocate to the convening authority in general court-martial cases; the provision does not address the contents of the review when the trial has resulted in a conviction. Paragraph 85*b*, *Manual for Courts-Martial, 1969 (Rev.)*, however, is the President's mandate of the form and content required:

> The staff judge advocate or legal officer to whom a record of trial is referred for review and advice will submit a written review thereof to the convening authority. The review will include a summary of the evidence in the case, his opinion as to the adequacy and weight of the evidence and the effect of any error or irregularity respecting the proceedings,

---

1. Review has been preserved by trial defense counsel's submission of these alleged defects in his response to the review of the staff judge advocate pursuant to *United States v. Goode*, 1 M.J. 3 (C.M.A.1975).

and a specific recommendation as to the action to be taken. Reasons for both the opinion and the recommendation will be stated.

This provision has been addressed in many cases; we take it to require, overall, that the convening authority be given adequate "guidelines" from which he, as a layman, may be able to fully understand the import of the facts and law involved in a given case to enable him to render a judicious determination.

Addressing the Code and *Manual* provisions then in effect,[2] the Court of Military Appeals set the guidelines for later cases in *United States v. Bennie*, 10 U.S.C.M.A. 159, 27 C.M.R. 233 (1959); the Court there found that:

Under the Uniform Code, the convening authority must submit the record of trial in a general court-martial case to a staff judge advocate for review. In turn, the staff judge advocate is required to provide the convening authority with a "written opinion." Article 61, Uniform Code of Military Justice, 10 USC § 861. In part, paragraph 85b of the Manual directs the staff judge advocate to give "reasons for both" his opinion and recommendations.

It is apparent that the Code and the supplemental Manual provisions are intended to prevent uninformed or capricious action on the case. *United States v. Fields*, 9 U.S.C.M.A. 70, 25 C.M.R. 332. Sometimes the evidence establishes guilt so clearly and compellingly that a recital of the evidence points unerringly to a conclusion of guilt. However, in a case involving disputed questions of fact, a mere summarization of the testimony does not necessarily point to the correct conclusion. Rationalization is required. And if the reasons offered for the conclusions are not persuasive, the conclusion may be unsound.

*Id.* at 160, 27 C.M.R. at 234. Thus, if there is no rationalization of the staff judge advocate's opinions and recommendations, the review in a given case could be so inade-

quate as to create a fair risk that the convening authority may be misled before taking his action, requiring a return for a new review. *See United States v. Skees*, 10 U.S.C.M.A. 285, 27 C.M.R. 359 (1959), citing *United States v. Bennie, supra, United States v. Fields*, 9 U.S.C.M.A. 70, 25 C.M.R. 332 (1958), and *United States v. Grice*, 8 U.S.C.M.A. 166, 23 C.M.R. 390 (1957). These interpretations of the Code and *Manual* provisions have withstood the test of time. *See, e. g., United States v. Smith*, 23 U.S.C.M.A. 98, 48 C.M.R. 659 (1974); *United States v. Cruse*, 21 U.S.C.M.A. 286, 45 C.M.R. 60 (1972); *United States v. Blackwell*, 12 U.S.C.M.A. 20, 30 C.M.R. 20 (1960); *United States v. Clark*, 10 U.S.C.M.A. 614, 28 C.M.R. 180 (1959); *United States v. Myers*, No. 75 0281 (N.C.M.R. 27 August 1975); *United States v. Baker*, 50 C.M.R. 758 (A.C.M.R.1975), *pet. denied* 23 U.S.C.M.A. 670 (1975); *United States v. Marshall*, 50 C.M.R. 268 (A.F.C.M.R.1975); *United States v. Donoho*, 46 C.M.R. 691 (A.C.M.R. 1972), *pet. denied* 22 U.S.C.M.A. 645 (1973).

This Court first addressed the issue of whether a failure to delineate the elements of the offenses caused a fatal defect in the staff judge advocate's review in *United States v. Barlow*, 46 C.M.R. 642 (N.C.M.R. 1972). We there said that:

We may not consider the rule announced in paragraph 85b, MCM 1969 (Rev.), which requires (1) a summary of the evidence, (2) an opinion on the weight of the evidence, and (3) an opinion on the effect of any error or irregularity respecting the proceedings, together with (4) specific recommendations to be taken and the reasons therefor, to amount merely to a technical defense or a dilatory action available to every convicted accused notwithstanding the overwhelming evidence of his guilt. Staff legal officers' reviews are designed to acquaint the convening authority with a substantial abstract of the proceedings below in which the accused has suffered a forfeit. We adhere to the teaching of *United States v. Fields*, 9 U.S.C.M.A. 70, 25 C.M.R. 332

---

**2.** There have been no changes.

(1958), and to the pronouncements of this court, *in the ordinary case.* At bar, where guilt is plain and where the trial judge has entered specific findings of guilty to each of the six specifications of which the accused was convicted, about all that the staff legal officer could tell the supervisory authority, after having set out at length the evidence, was that the trial judge saw and heard the witnesses, weighed the testimony of each including that of the accused, and had found the specifications necessarily proved beyond a reasonable doubt. Thus, when the staff legal officer advised that "the evidence is sufficient to support the findings of guilty after the not guilty pleas," he has advised the supervisory authority, in effect, that there is substantial competent evidence from which the trial judge could arrive at the findings he did, and with which findings he was not in disagreement.

*We agree it was erroneous for the review not to contain the elements of each offense and this absence might, in a more complicated case, require another review,* especially in a courtmartial where there were court members and instructions involved. At bar, however, we find no prejudice to the accused from its absence in this case. [See *United States v. Scharf,* No. 71 3190 (NCMR 25 Jan. 1972)]. We reach this conclusion because the failure to serialize the elements in the instant review, in our opinion, is *de minimus.* The specifications are complete and quite plain in their charging simplicity. They charge "wrongfully introduce" (LSD); "wrongfully transfer" (LSD); "Wrongfully sell" (LSD) to separately named individuals. To read the specifications is to read the elements. *We wish to make it plain that in another case a different result might be dictated.*

*Id.* at 644 (emphasis added). In a similar vein, the Air Force Court of Military Review, in *United States v. Dupree,* 45 C.M.R. 456, 458 (A.F.C.M.R.1972), echoed the belief that neither Congress nor the President had deemed delineation of the elements as a specific requirement of a post-trial review,

that the review before that Court was sufficient but that "[u]nder other circumstances . . . a failure to discuss the elements of offenses might require corrective action."

Perhaps the most cogent reasoning advanced for the proposition that a delineation of the elements be required is found in *United States v. Lovett,* 47 C.M.R. 79 (A.C.M.R.1973), in which, having listed other requirements engrafted onto the statutory and *Manual* provisions concerning post-trial reviews, the Army Court found that:

particularly in cases of trial by military judge alone, "since there are no instructions in the record of trial to which the convening authority could have referred regarding the legal requirements", the staff judge advocate should provide the convening authority with proper guidelines as to the elements of the offenses and defenses raised by the evidence. *United States v. Fletcher,* 42 C.M.R. 698 (A.C.M.R.1970); *United States v. Haynes,* 44 C.M.R. 487 (A.C.M.R.1971); *United States v. Alonqi,* 44 C.M.R. 392 (A.C.M.R. 1971); *United States v. Petro,* 44 C.M.R. 511 (A.C.M.R.1971).

*Id.* at 80. This position was expanded upon in a concurring opinion by Chief Judge Fletcher who, in *United States v. Barnes,* 3 M.J. 406 (C.M.A.1977), by way of *dicta* stated that he

would hold it incumbent upon a staff judge advocate always to include a delineation of the elements of the offenses and the relationship of the evidence presented at trial to those elements in order satisfactorily to provide the convening authority with sufficient guidelines so that he may make an informed decision which I believe was the intent of Congress under Articles 61, 64 and 65(b), Uniform Code of Military Justice, 10 U.S.C. §§ 861, 864, and 865(b), respectively. See *United States v. Fields,* 9 U.S.C.M.A. 70, 25 C.M.R. 332 (1958). Bald conclusions as to sufficiency of the evidence without reasons and legal guidelines cannot suffice.[2]

[2] This problem is only compounded when, as here, the trial was by judge alone, and even

assuming the convening authority chose to examine the record of trial, there would be no instructions present to give him legal guidance. *Id.* at 407. *See also United States v. Morrison,* 3 M.J. 408, 409 (C.M.A.1977) (Fletcher, C. J., concurring) (evaluation of the requirements for proper post-trial review, including as a minimum that elements be delineated).

■ We do not believe that every case requires that the staff judge advocate delineate the elements of the offenses involved, just as every case does not require a rationalization of the evidence presented at trial, *see United States v. Bennie, supra,* and just as every case does not require a discussion of every issue. *See, e. g., United States v. Dotson,* 27 C.M.R. 596, 599 (A.B.R. 1958). We do believe, however, that a complicated contested case,[3] such as the one now before us, warrants as instructive a review as is necessary to give the convening authority guideposts from which to make his decision; in an appropriate case, this would require the delineation of the elements, among other advice, as well as a discussion of the evidence as it relates to those elements. Only in this way can the convening authority do justice to the requirement that, before approving a finding of an offense, he determine that the competent evidence of record established beyond reasonable doubt *each element* of the offense of which the accused was found guilty. Paragraph 86*b*(1)(c), *Manual for Courts-Martial, 1969 (Rev.).*

■ The present case is not a simple case; it involves a number of different charges and specifications, some of which were proven and others which were not. The record of the trial includes some 130 pages of testimony from 18 witnesses presented by both the Government and the defense, as well as 20 exhibits from the Government. In essence, the matter was neither clear cut nor obvious and the evidence may or may not have pointed unerringly to guilt; indeed, appellant was acquitted of two specifications under a charge alleging an Article 81, UCMJ, 10 U.S.C. § 881, violation and one specification under a charge alleging wrongful possession of marijuana in contravention of Article 92 UCMJ. The evidence on all the charges was interrelated and complex. That a convening authority should have to minutely examine such a record and himself attempt to relate all of the testimony and evidence therein to the elements of all the specifications, elements which he would himself have to determine since he was without practical assistance from the staff judge advocate, is not justified by reason or practicality. To be sure, the staff judge advocate did summarize the evidence and did, albeit minimally, opine on its sufficiency; he did not, however, give the reasons behind his opinions and recommendations, as required by paragraph 85*b* of the *Manual,* nor did he rationalize the evidence in relation to his opinions, *United States v. Bennie, supra,* which rationalization, we believe, would require in this case a delineation of the elements and a discussion of the evidence as it did or did not relate to the pertinent elements. It is clear to us that such a delineation and discussion would, again under the circumstances of this case, be essential to an informed and legally acceptable decision by this convening authority.[4] *See United States v. Drouin,* 7 M.J. 611 (N.C.M.R.1979). *See generally United States v. Lavergne,* No. 76 1885 (N.C.M.R. 6 May 1977).

3. The standard to use is not whether the case appears complicated to a trained lawyer but whether it could seem complicated, and thus, confusing to the convening authority; certainly the staff judge advocate's function in this regard would be to clarify the matter as best as possible for the convening authority.

4. We also note the failure of the staff judge advocate to address the numerous defects alleged to have existed in his review, as advanced by the trial defense counsel in his *Goode* response. Again, it does not appear that the convening authority was given all the tools which he should have had available to him for an informed determination in a case such as this, considering the number and variety of legal and factual propositions and alleged defects advanced in the *Goode* response. *See generally United States v. Boston,* 7 M.J. 953 (A.F.C.M.R.1979), *on recon.* 7 M.J. 954 (A.F.C. M.R.1979).

Accordingly, we return this record to the Judge Advocate General for a new staff judge advocate's advice and convening authority's action. We direct that the staff judge advocate review be prepared by a different staff judge advocate.