**UNITED STATES**

**v.**

**Roy J. HAGEN III, 032 50 4292, Private First Class (E–2), U. S. Marine Corps.**

**NCM 79 0797.**

U. S. Navy Court of Military Review.

Sentence Adjudged Dec. 13, 1978.

Decided 28 April 1980.

CAPT E. A. Burnette, USMC, Appellate Defense Counsel.

LCDR Bradley S. Beall, JAGC, USN, Appellate Government Counsel.

Before DUNBAR, GREGORY and GLADIS, JJ.

GLADIS, Judge:

On appeal the accused contends, among other things, that the staff judge advocate's review was inadequate because it failed to discuss the speedy trial issue litigated at trial. We agree and return the record for another review and supervisory authority's action.

Relying on Chief Judge Fletcher's opinion, concurring in the result, in *United States v. Morrison*, 3 M.J. 408 (C.M.A.1977), the staff judge advocate refused to discuss the speedy trial issue. He interpreted that opinion together with Judge Perry's concurrence in that case to promulgate new standards for the post-trial reviews of staff judge advocates requiring discussion of pure legal issues only where errors of law are perceived. Trial defense counsel challenged the adequacy of the review when served with a copy, thereby preserving the issue on appeal. *See United States v. Goode*, 1 M.J. 3 (C.M.A.1975).

In *Morrison*, Chief Judge Fletcher expressed concern over the elevated status of the staff judge advocate's review, called for a reevaluation of Article 61, Uniform Code

of Military Justice (U.C.M.J.), 10 U.S.C. § 861, unencumbered by the detailed exactitudes of *Manual for Courts-Martial, 1969 (Rev.)*, paragraph 85*b*, and proposed new standards for the review. A careful reading of his opinion reveals that he considered the new and simplified standards espoused to be mere proposals and not to have the force of law. *United States v. Morrison, supra* at 412 n.14 (Fletcher, C. J., concurring in the result). In the principal opinion in the case Judge Cook indicated that the majority of the Court had not adopted the proposals. *See id.* at 409 n.1. In an opinion concurring with Judge Cook's disposition of the issue before the Court, Judge Perry noted that he agreed with Chief Judge Fletcher's views concerning the unduly elevated status of the staff judge advocate's review.[1] Judge Perry did not, however, indicate his acceptance of the new standards proposed by Chief Judge Fletcher. Thus we conclude that Chief Judge Fletcher's proposals in *Morrison* are dicta. His opinion does not promulgate simplified standards having the force of law. The existing requirements of the *Manual* and the judicial interpretations of it must be followed. *United States v. Cordova*, 7 M.J. 673, 675 n.1 (A.C.M.R.1979); *United States v. Davis*, 6 M.J. 874, 880 n.22 (A.C.M.R. 1979). Therefore, we must determine whether the review in this case satisfies the requirements of the existing law.

 Although the staff judge advocate has wide discretion in determining matters to be included in his review, his exercise of that discretion is subject to review for abuse. *United States v. Cruse*, 21 U.S.C. M.A. 286, 45 C.M.R. 60 (1972). An appropriate discussion of any point that might substantially influence the convening authority's action is required. A review that is

1. The basis for disposition was that alleged deficiencies in a review consisting of ambiguities which may be interpreted in a proper or improper manner are waived by trial defense counsel's failure to object when afforded the opportunity to do so pursuant to *United States v. Goode*, 1 M.J. 3 (C.M.A.1975).

2. *But cf. United States v. Cansdale*, 7 M.J. 143, 149 (C.M.A.1979), which criticizes requiring a nonlawyer convening authority to pass upon

incomplete or misleading on a significant factor is unacceptable. *Id.; United States v. McCadney*, 1 M.J. 732 (A.F.C.M.R.1975). The review should deal appropriately with any issue which could have determined the ultimate outcome of the case and contain all pertinent information which might substantially influence the decision of the convening authority. *United States v. Williams*, 7 M.J. 725 (A.C.M.R.1979); *United States v. Hernandez*, 3 M.J. 916 (A.C.M.R.1977) (motion to dismiss for lack of jurisdiction by reason of improper referral); *United States v. Townsend*, 39 C.M.R. 445 (A.B.R.1968) (motion to dismiss for lack of speedy trial). The purpose of the review is to assist the convening authority in the exercise of his statutory responsibility to approve only such findings of guilty and sentence as he finds correct in law and fact and as he in his discretion determines should be approved. Article 64, U.C.M.J., 10 U.S.C. § 864; *United States v. Williams, supra.* This purpose cannot be fulfilled, and Article 61, U.C.M.J., which mandates the review, is meaningless unless the review provides the convening authority with lucid guideposts for deciding the issues which he is required to decide.[2]

 Examining the staff judge advocate's review in the light of these principles, we find it is deficient. In view of our disposition, it is unnecessary to address the remaining assignment of error. Accordingly, the action of the officer exercising general court-martial jurisdiction is set aside. The record is returned to the Judge Advocate General of the Navy for referral to an appropriate general court-martial convening authority for a new staff judge advocate's review and supervisory authority's action.

GREGORY, J., concurs.

the correctness of the rulings of a military judge. If such review by the convening authority is incongruous, the solution is legislative amendment of the statute which imposes the duty in order to relieve him of it, not judicial emasculation of another statute which is intended to require meaningful guidance as to the applicable principles of law to be followed by him in performing the difficult duty.

DUNBAR, Senior Judge (concurring opinion):

I concur with Judge Gladis' opinion. I would note that once more we have a striking example of the disruption which can occur as the result of judicial dicta which tampers with the statutory requirements of the Uniform Code of Military Justice (UCMJ) and a well-thought-through provision of the *Manual for Courts-Martial, 1969 (Rev.)* (MCM). In this case the staff judge advocate seized upon the dicta contained in the concurring opinion of *United States v. Morrison*.[1] *Morrison* advocated a restructuring of the staff judge advocate review by reevaluation of Article 61, UCMJ, unencumbered by the detailed exactitudes of paragraph 85*b*, MCM. This reevaluation is aimed at correcting the "elevated status" heretofore accorded the staff judge advocate review by the High Court.

I prefer to go on record as stating that we should continue to give "elevated status" to the staff judge advocate review.[2] The staff judge advocate is not the "Chief Prosecutor" of the command, as incorrectly stated in the *Morrison* concurring opinion. Such a misconception in military law is so fundamentally unsound as to not require detailed refutation.[3] This concept may have given birth to the theory that the staff judge advocate's review has been given an unwarranted status. Nonetheless, I think it undeniable that the staff judge advocates are the chief functionaries of the services in keeping judicial good order and balance in the field. Ultimate responsibility for records of trial flowing up to the appellate courts lies with the staff judge advocates. Staff judge advocates must answer, explain and bear ultimate responsibility to field commanders for preventable irregularities in the courts-martial process.

We should continue to require the high standards of review which now prevail pursuant to Article 61, UCMJ, and paragraph 85*b*, MCM. Any softening of responsibility in this respect can lead to serious problems at the appellate level. A primary function of the staff judge advocate is to detect irregularities at their inception and take any obvious remedial action required and thereby forestall return of the record from the appellate level.

Additionally, the majority opinion calls attention to *United States v. Cansdale*.[4] In *Cansdale*, the Court of Military Appeals reminds us that in *United States v. Ware*[5] it repudiated the previously held view that Congress gave the convening authority, in Article 62(a), UCMJ, the power to overrule the military judge's determination to dismiss charges for reasons not amounting to an acquittal.

Again, I believe, the High Court has drifted into another militarily unsound doctrine, that is, nonlawyer military commanders are not competent to comprehend the subtleties of military law and, in conjunction with the advice of their staff judge advocate, override a military judge's ruling on a question of law. On the other hand, such a belief on the part of the High Court would be in consonance with earlier opinions of that Court tending to strip military commanders of judicial powers and authority heretofore reposed in them under the provisions of the UCMJ. This Court has previously spoken out in opposition to such trends.[6]

Be that as it may, I do not believe we should continue to view the *Ware* opinion as some sort of everlasting pronouncement scrawled across the wild blue yonder in indelible script. In my opinion, that decision is probably incorrect and like many

---

1. 3 M.J. 408 (C.M.A.1977).

2. Judge Perry in his concurring opinion in *Morrison* also concurred that the staff judge advocate's review has been accorded an unduly "elevated status."

3. *See generally United States v. Onate*, 6 M.J. 985, 988 (N.C.M.R.1979) (Granger, J., concurring).

4. 7 M.J. 143, 149 (C.M.A.1979).

5. 1 M.J. 282, 287 n.32 (C.M.A.1976).

6. *See e. g. United States v. Jones*, 7 M.J. 806 (N.C.M.R.1979); *United States v. Rivera*, 6 M.J. 535 (N.C.M.R.1978).

other recent military legal decisions may at some future time break down under continued critical analysis by the service appellate courts. From a military law standpoint even footnote 13 of the High Court's opinion in *Morrison* supports the position that Congress intended to invest military commanders with all-controlling judicial powers as a matter of "on the scene military necessity." Ample provisions were provided in the appellate process for reversal of ill-considered rulings by commanders and their staff judge advocates. The *Cansdale* opinion would permit a situation whereby the ruling of a relatively inexperienced military judge could thwart the efforts of a corps or division commander to bring to trial an individual charged with serious wartime espionage or sabotage activities. I do not believe such a result was intended by the framers of the Code, anymore than they intended that a junior officer magistrate, fresh from legal training, would, in the military establishment, be empowered to overrule the decision of an experienced division or battalion commander as to whether an individual should be placed or continued in pretrial confinement as a matter of military discipline. Yet this is now the law as a result of the Court of Military Appeals decision in *Courtney v. Williams*, 1 M.J. 267 (C.M.A.1976).

Subject to the foregoing, I concur in the majority opinion.