655

UNITED STATES

v.

**Senior Airman Robert D. SMITH, FR 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 United States Air Force.**

ACM 22860.

U. S. Air Force Court of Military Review.

15 May 1981.

Appellate Counsel for the Accused: Colonel Larry G. Stephens, Colonel George R. Stevens, and Captain Willard K. Lockwood.

Appellate Counsel for the United States: Colonel James P. Porter and Lieutenant Colonel Bruce R. Houston.

Before EARLY, MILES and KASTL, Appellate Military Judges.

DECISION

PER CURIAM:

Contrary to his pleas, the accused was convicted by a general court-martial of offenses involving the use, possession and sale of methamphetamines and cocaine in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934. The approved sentence extends to a dishonorable discharge, confinement at hard labor for five years, total forfeitures and reduction to airman basic.

Appellate defense and government counsel agree that the action of the convening authority must be set aside because the staff judge advocate failed to comply with this Court's mandate in *United States v. Boston*, 7 M.J. 953, 954 (A.F.M.C.R.1979), pet. denied, 9 M.J. 136 (C.M.A.1980).[1] However, other issues remain.

Appellate defense counsel also assert a new staff judge advocate's review is required. We agree. In addition to a summary of evidence, the staff judge advocate in a review must comment on the adequacy and weight of the evidence and give reasons for his opinions and recommendations. *United States v. Bennie*, 10 U.S.C.M.A. 159, 27 C.M.R. 233 (1959); *United States v. Marshall*, 50 C.M.R. 268 (A.F.C.M.R.1975); Air Force Manual 111-1, Military Justice Guide, paragraph 7-3c, 2 July 1973, Change 3 (15 November 1978).

Here, the reviewer merely summarizes the evidence and asserts, without reasons, that it is sufficient although the accused pled not guilty and contested many issues. No effort is made to relate the

1. Accused's civilian defense counsel submitted a 10 page response to the staff judge advocate's review and 22 pages of material in a plea for clemency. The staff judge advocate submitted no comment in response.

evidence to the elements of the offenses involved. This is insufficient and reversal is required. *United States v. Clark*, 10 U.S. C.M.A. 614, 28 C.M.R. 180 (1959); *United States v. Bennie, supra.* As to the other issues raised, we express no opinion.[2]

Accordingly, the action of the convening authority is set aside and the record of trial is returned to The Judge Advocate General, United States Air Force, for a new review and action.

**2.** However, in view of the asserted disqualification of the reviewer because of alleged participation in the prosecution at trial, the new review should be prepared by someone other than the original reviewer.