**UNITED STATES**

v.

**Senior Airman Clyde C. DICKERSON,
FR 257–17–4947 United States
Air Force.**

**ACM S25792.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 11 June 1982.

Decided 9 Feb. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain John V. Sullivan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major George D. Cato.

Before HODGSON, HEMINGWAY and MILLER, Appellate Military Judges.

### DECISION

HODGSON, Chief Judge:

The only issue before the Court is the sufficiency of the staff judge advocate's review. Appellate defense counsel argue that the reviewer merely summarized the evidence and concluded, without stating any reasons, that it was sufficient. It is further maintained that no effort was made to relate the evidence to the elements of the offenses.

While we agree that the disputed review fails to meet the required standard,* we note that on 7 October 1982, a copy of the post-trial review was served on the trial defense counsel who did not challenge the adequacy of the review. *United States v. Goode,* 23 U.S.C.M.A. 367, 1 M.J. 3 (1975). The Court of Military Appeals addressed, in *United States v. Barnes,* 3 M.J. 406, 407 (C.M.A.1977), a situation identical to that before us. In applying the waiver doctrine, Judge Cook stated:

> The present case clearly validates the Court's purpose in formulating the *Goode* requirement. If a challenge had been made to the post-trial review by the trial defense counsel, the alleged deficiencies could have been easily and expeditiously resolved below. While *Goode* recognized, by use of the phrase "normally be deemed a waiver," that a case could arise which involves inadequate representation by counsel where waiver would not be applied, such circumstances are not involved in the present case. As the trial defense counsel perceived no prejudicial deficiencies in the post-trial review, we will not entertain such a complaint at the appellate level.

Accordingly, we hold that any error in the disputed review has been waived by the trial defense counsel's failure to challenge it. *United States v. Goode, supra.* To the extent that *United States v. Smith,* 11 M.J. 655 (A.F.C.M.R.1981) and *United States v. Harvey,* 11 M.J. 793 (A.F.C.M.R.1981) conflict with this decision, they are overruled.

The findings of guilty and the sentence are

AFFIRMED.

HEMINGWAY, Senior Judge, and MILLER, Judge, concur.

---

* The content and format of post-trial reviews was the subject of a letter from the Director, USAF Judiciary, Office of The Judge Advocate General, to all GCM Staff Judge Advocates (7 July 1981). I commend the reading of this correspondence to those writing post-trial reviews.