**UNITED STATES**

v.

**Werner J. DROUIN, 285 52 2507, Staff Sergeant (E–6), U. S. Marine Corps.**

**NCM 78 0319.**

U. S. Navy Court of Military Review.

Sentence Adjudged 4 Nov. 1977.

Decided 20 April 1979.

LT Christopher C. Henderson, JAGC, USNR, Appellate Defense Counsel.

LT Christine M. Yuhas, JAGC, USN, Appellate Government Counsel.

Before CEDARBURG, C. J., and FERRELL and ROOT, JJ.

ROOT, Judge:

Appellant was found guilty by a general court-martial panel of officers of commit-

ting an assault with a dangerous weapon, and unlawfully entering the dwelling house of another to assault the occupant with a dangerous weapon, in violation of Articles 128 and 130, Uniform Code of Military Justice, 10 U.S.C.A. §§ 928, 930, respectively. He was acquitted of a charge of maiming, in violation of Article 124, 10 U.S.C.A. § 924.

The appellant now complains that the review of the staff judge advocate is prejudicially insufficient because he did not summarize the evidence. Appellant cites paragraph 85*b*, *Manual for Courts-Martial, United States, 1969* (Revised edition) and numerous cases in support of his position. On the other hand, the appellate Government counsel, citing *United States v. Morrison*, 3 M.J. 408 (C.M.A.1977), asserts that the evidence was adequately summarized for the convening authority.

■ At the outset, we note that the issue has survived the *Goode*[1] review because the trial defense counsel, in his *Goode* response, objected to the adequacy of the summarization of evidence and has thereby preserved the question for review here.

The concurring opinion of Chief Judge Fletcher in *Morrison, supra*, propounds new guidelines, with which Judge Perry is in accord, for the content and sufficiency of a staff judge advocate post-trial review. Reviewing the Code and *Manual* background of the requirement for a staff judge advocate post-trial review, he observes that the necessary Code prerequisites for a proper review are:

1. Presenting an opinion by simple statement as to the existence of errors of law

   A. If an error(s) of law is perceived, then an opinion is required as to: (1) whether the error materially prejudiced the substantial rights of the accused, and (2) if so, the available remedies.

2. Setting forth the offense(s) charged with:

   A. a delineation of the elements of the offenses and the relationship of the evidence presented at trial *sufficient to allow an informed decision by the convening authority* under Article 64; and

   B. a detailing of all lesser included offenses raised by the evidence, listed in order of severity of the maximum prescribed penalty.

Turning to Article 64, I would have the staff judge advocate state whether the findings and sentence were within the statement of law, as well as whether there was a sufficient factual basis for both. *In these matters references to the transcript, as opposed to the present paragraph 85b requirement of summation of all the testimony, for authority should be utilized.* (Footnotes omitted. Emphasis supplied.) *United States v. Morrison, supra* at 411.

■ The staff judge advocate expressly attempted to follow, in his review, the format recommended by Chief Judge Fletcher in *Morrison*. (*See* staff judge advocate's reply to the trial defense counsel's response pursuant to *United States v. Goode, supra*.) He properly delineated the elements of the offenses and discussed briefly the relationship of the evidence presented; he referred the convening authority to appropriate pages of the record of trial and he admonished the convening authority that he (the convening authority) should carefully scrutinize the testimony itself, the circumstances under which each witness testified, and that final determination as to the weight of the evidence and credibility of the witnesses rested solely with him, as convening authority.

The vice that we perceive in this post-trial advice is an undue curtailment of the discussion of the relationship of the evidence to the elements wherein there was substantial direct conflict. We do not quarrel with the conclusions reached by the staff judge advocate, nor are we advocating a return to the practice of summarizing all of the testimony. We do think, however,

---

1. *United States v. Goode*, 1 M.J. 3 (C.M.A. 1975).

that more guidance[2] is required in advising the convening authority concerning the implications of the conflicting testimony. Simply advising the convening authority to read the appropriate passages of testimony is not sufficient guidance where portions of the testimony are diametrically in conflict. Even the court members, who were present during the whole proceeding, were given instructions by the military judge. The reply of the staff judge advocate to the trial defense counsel's *Goode* response is not sufficient to overcome this deficiency.

In short, we are convinced that the laudable efforts of the staff judge advocate to comply with new standards promulgated by case law has not resulted in this case in a "delineation of the elements of the offenses and the relationship of the evidence presented at trial *sufficient to allow an informed decision by the convening authority.*" *Id.*

Accordingly, we return this record to the Judge Advocate General for a new staff judge advocate's post-trial advice and convening authority's action.

Chief Judge CEDARBURG and Judge FERRELL concur.

---

2. By this, we mean more discussion of the significant conflicting portions of evidence.