**UNITED STATES**

v.

**Jeffrey L. WELSH, 215 84 0227, Aviation Structural Mechanic (Hydraulics) Airman (E–3), U.S. Navy**

**NMCM 83 3578.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 29 April 1983.

Decided 19 Jan. 1984.

CDR David C. Larson, JAGC, USN, Appellate Defense Counsel.

LT Ann D. Carroll, JAGC, USNR, Appellate Defense Counsel.

MAJ E.D. Clark, USMC, Appellate Government Counsel.

Before ABERNATHY, Senior Judge, and MITCHELL and BARR, JJ.

BARR, Judge:

Appellant was tried by general court-martial for the following offenses: Charge I, one specification of breach of the peace (Article 116, UCMJ, 10 U.S.C. § 916); Charge II, one specification of possession of 83.6 grams of marijuana (Article 92, UCMJ, 10 U.S.C. § 892); Charge III, one specification of possession of 83.6 grams of marijuana with intent to distribute (Article 134, UCMJ, 10 U.S.C. § 934); Additional Charge I, one specification of violation of a lawful general order by possessing a knife, with a blade in excess of 3 inches in length, in the Bachelor Enlisted Quarters (Article 92, UCMJ); Additional Charge II, (Specifications 1 and 2) possession and distribution of 7.03 grams of marijuana and (Specifications 3, 4, and 5) possession, possession with intent to distribute, and distribution of 27.56 grams of marijuana (Article 134, UCMJ); and, Additional Charge III, one specifica-

tion of conspiracy to distribute marijuana (Article 81, UCMJ, 10 U.S.C. § 881). Contrary to his pleas, he was found guilty by the court of Charges II and III, Additional Charge I, and of Additional Charge II and Specifications 2, 4, and 5 thereunder, and sentenced to confinement at hard labor for three years, forfeiture of all pay and allowances, reduction to pay grade E–1, and a dishonorable discharge. The convening authority, on the advice of his staff judge advocate, disapproved the findings of guilty of Specifications 4 and 5 of Additional Charge II, ostensibly on the ground that, as the appellant was not present at the time of the distribution, a factual and legal nexus linking appellant to the offenses was lacking. The convening authority, upon reassessment, approved the sentence adjudged by the court.

Appellant now asserts three errors for our consideration, which we shall address *seriatim:*

## I

### THE STAFF JUDGE ADVOCATE'S REVIEW WAS FATALLY DEFICIENT.

This case involved a motion to suppress, litigation of each enumerated offense on the merits, and the sentencing phase. Appellant was present on 27 April 1983 for the motion stage, entry of pleas, and admission into evidence of five stipulations of testimony. When the court reconvened on 28 April, appellant was absent and was tried *in absentia* thereafter. While the defense counsel conducted extensive cross-examination during the Government's case-in-chief, the only defense *evidence* introduced went to Charge I, of which appellant was acquitted.

The initial review of the staff judge advocate exhaustively discussed the evidence admitted on the suppression motion and provided sufficient and correct legal advice to the convening authority regarding the merits of the motion as well as powers of that authority in his consideration of the military judge's ruling which denied the motion. The review, thereafter, copiously summarized all the evidence presented on the merits as to each offense—testimonial, real, and demonstrative—and detailed a grant of leniency afforded to appellant's accomplice for his testimony at trial as a witness for the Government. The staff judge advocate offered his opinion to the convening authority as to the weight of all the evidence and recommended that the findings of the court be approved. The evidence offered during the sentence phase was fairly and objectively summarized in the review, followed by the staff judge advocate's opinion and recommendation that the sentence adjudged be approved.

In his response to the review of the staff judge advocate,[1] trial defense counsel assailed that review for its failure to: (1) delineate the elements of the offenses; (2) address the trial court's special findings on the motion to suppress; (3) discuss the defenses raised; (4) discuss issues pertaining to the credibility of the accomplice who testified for the Government; and, (5) correctly state that the sentence was to a dishonorable, vice bad conduct, discharge. In addition, the response questioned, but without amplification beyond incorporation by reference of the arguments offered at trial, the court's ruling on the motion to suppress and the findings of the court with respect to Specifications 4 and 5 of Additional Charge II.

In a supplemental review, the staff judge advocate reaffirmed his assessment of the suppression motion and acknowledged the error in the statement of the nature of the discharge adjudged. He also concurred with trial defense counsel's view regarding Specifications 4 and 5 of Additional Charge II and recommended their disapproval to the convening authority.[2]

---

1. *United States v. Goode,* 1 M.J. 3 (C.M.A. 1975).

2. Though we, by applying the law of principals to the state of the evidence presented, would

have had no difficulties in sustaining the judgment of the military judge as to Specifications 4 and 5 of Additional Charge II, the convening authority, as stated above, acted in concert

The staff judge advocate correctly noted that, as to offenses of which appellant was convicted, no defenses were raised by the evidence and thus necessitated no discussion. The reviewer also expanded upon the "special findings" of the court, though, as the trial defense counsel was well aware, no such findings were entered because of the concurrence of all parties to the trial that the facts essential to the motion were stipulated and not in issue. As to the assertions that the elements were not set forth and that the issue of credibility of the accomplice was not discussed, the staff judge advocate concluded that, as the case under review was neither complicated nor confusing, a statement of elements, rationalization of proof, and discussion of impeachment evidence regarding the credibility of the accomplice were not necessary. In the posture in which this case reaches us, we agree.

■ The review of the staff judge advocate fully meets the requirements set forth in Article 61, UCMJ, 10 U.S.C. § 861, and paragraph 85b, *Manual for Courts-Martial, 1969 (Rev.)* (M.C.M.). Thus, if any delicts exist in the review, they must derive from requirements judicially created, but not statutorily mandated.[3] Article 61, UCMJ, and paragraph 85b, MCM, have been judicially interpreted "to require, overall, that a convening authority be given adequate 'guidelines' from which he, as a layman, may be able to fully understand the import of the facts and law involved in a given case to enable him to render a judicious determination." *United States v. Powis*, 8 M.J. 809 (N.C.M.R.1980). The review was, and is, intended to "prevent uninformed or capricious action" by a reviewing authority in a given case. *United States v. Fields*, 9 U.S.C.M.A. 70, 25 C.M.R. 332 (1958). The law does not require that in every contested case a staff judge advocate must include within his review a recitation of the ele-

ments of the offenses, a rationalization of the proof adduced as to such elements, or a discussion of every issue raised at trial. *United States v. Bennie,* 10 U.S.C.M.A. 159, 27 C.M.R. 233 (1959); *United States v. Powis, supra.* Such a requirement does not exist, for example, where a mere recitation of the evidence compels the conclusion that the accused's guilt was established beyond reasonable doubt, *Bennie, supra;* where "the specifications are complete and quite plain in their charging simplicity," *United States v. Barlow,* 46 C.M.R. 642 (N.C.M.R. 1972); where the evidence, though extensive, is not complex or confusing, *Powis, supra;* or, where an explanation of a legal principle is not a necessary requisite to a layman's determination of whether the facts adduced prove the offense alleged. Each of these ingredients exist in the present case. The accomplice's testimony, as to the offenses of which appellant *now* stands convicted, was corroborated and unimpeached by other Government witnesses. The evidence presented by the Government as to each offense of which appellant was convicted pointed "unerringly" to his guilt. No words of art or principles of law applied to these offenses such that their definition or discussion was required for a complete understanding of whether the offenses had been proved. Finally, the elements of each offense were fully incorporated within the wording of the allegations such that "to read the specifications is to read the elements."

While we find no legal deficiency, fatal or otherwise, in the review of the staff judge advocate, we repeat the caution announced in earlier decisions of this Court that under other circumstances, involving more complicated issues of law, of facts, and of witness credibility, a different result might obtain. In light of the current state of case law, we

with this advice and disapproved those findings of guilty.

3. As a general rule, we question the authority of a military court to superimpose, by court decree, requirements upon the military justice system beyond those set forth in the laws and regulations issued by Congress and the Presi-

dent. The absence of any stated requirement within either of these legitimate sources of military law for inclusion of matters such as omitted in the review under consideration is clear evidence that they are not required. We shall, nevertheless, apply to this case the law, judicial gloss and all, as it now exists.

view the actions of the staff judge advocate in this case, especially when confronted with a challenge to his review which specifically enumerated its alleged deficiencies, to be reckless in the extreme. In essence, he gambled that a Court on review would agree with his legal conclusion that the facts in evidence pointed overwhelmingly to guilt. That such a gamble should not be reduced to a mode of general practice is amply evidenced in this case *if* one considers what might have been the result had not the staff judge advocate "gratuitously" recommended, in his supplementary review, disapproval of Specifications 4 and 5 of Additional Charge II. An explanation of the concept of the law of principals—omitted from the review and the theory of which was perhaps not even appreciated by the staff judge advocate—would, under the precedents of this Court, have undoubtedly been held to be essential for the convening authority to factually and legally appreciate how the appellant, though not present at the time of the drug transaction, could be properly found guilty of committing the offenses described in those specifications.

We also believe that trial defense counsel could have cured—with an interpretation most favorable to the interests of his client possibly surviving unchallenged for consideration by the convening authority—the deficiencies of which he complained by providing a listing of the elements, a rationalization of the evidence from his viewpoint, and a recitation of the instruction which addresses the guarded manner in which accomplice testimony is to be received and considered. If a trial defense counsel is truly concerned that the convening authority has such information at hand for consideration, it would be an act of prudence on his part to provide it rather than gamble that either the staff judge advocate will do so by supplementary review or, in the absence of such advice, a Court on review would reverse for a deficient review. When one considers the remedy—ordering a new review, with its attendant protraction of the case—it simply gains for the defense no advantage to reject the opportunity to cure a perceived deficiency in a staff judge advocate's review.

## II

CHARGE II AND THE SPECIFICATION THEREUNDER ALLEGING POSSESSION OF 83.6 GRAMS OF MARIJUANA ON 20 SEPTEMBER 1982 IN VIOLATION OF ARTICLE 1151, UNITED STATES NAVY REGULATIONS IS MULTIPLICIOUS FOR FINDINGS WITH CHARGE III AND THE SPECIFICATION THEREUNDER ALLEGING POSSESSION OF 83.6 GRAMS OF MARIJUANA WITH INTENT TO DISTRIBUTE IN VIOLATION OF TITLE 21, U.S.CODE SECTION 841(a)(1) ON THE SAME DATE. *UNITED STATES V. VAUGHN,* 16 M.J. 129 (C.M.A.1983); *UNITED STATES V. FRANKLIN,* 14 M.J. 309 (C.M.A.1982).

■ We agree. The simple possession charge is a lesser included offense of the possession with intent to distribute. For this reason, we find the resolution reached in *United States v. Vaughn,* 16 M.J. 129 (C.M.A.1983) appropriate. We find no affect upon the sentence. Charge II is set aside and ordered dismissed. All remaining findings of guilty are affirmed.

## III

APPELLANT'S SENTENCE INCLUDING THREE YEARS CONFINEMENT AT HARD LABOR AND A DISHONORABLE DISCHARGE WAS INAPPROPRIATELY SEVERE PUNISHMENT IN LIGHT OF THE FINDINGS DISAPPROVED BY THE CONVENING AUTHORITY, AND APPELLANT'S GOOD SERVICE RECORD. (DEFENSE EXHIBITS C, D AND E).

■ We find the entirety of the sentence as adjudged eminently appropriate for this convicted drug dealer. The sentence is affirmed.

The court-martial order incorrectly states the finding of Specification 3 of Additional Charge II to be guilty, vice not guilty as

entered by the court. A corrected order is required.

Senior Judge ABERNATHY and Judge MITCHELL concur.

UNITED STATES

v.

**Wendall P. ROBERTSON, 498 68 4321, First Lieutenant (0–2), U.S. Marine Corps Reserve.**

**NMCM 83 2969.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 4 May 1983.

Decided 31 Jan. 1984.